## The Toledo, Wabash and Western Railway Co.

### *v.*

## William H. Barlow.

1. Negligence *in railroads—injury to stock running at large.* Where a domestic animal, running at large by the sufferance of the owner, gets upon a railroad track at the crossing of a highway, where the company is not required to fence, and is injured by a passing train, the company is not, in general, liable, unless its servants, after they discover the animal, might, by the exercise of proper care and prudence, have prevented the injury.

2. In such a case, it is not sufficient, to entitle the owner to recover, to show that the train was running at an unreasonable rate of speed, or without proper care in other respects.

3. Former decisions. The decisions of this court in regard to animals injured by railroads, made under the law permitting cattle to run at large, do not apply fully under the law as it now is, and where no neglect on the part of the railroad company in fencing is involved.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Messrs. SKINNER & MARSH, for the appellant.

Messrs. MOORE & THOMPSON, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action against the railroad company, to recover the value of a cow killed by a passing train, at the way station of Chatten.   The plaintiff below recovered, and the company brings the case here by appeal, and asks a reversal of the judgment on the ground that the verdict of the jury is not sustained by the evidence.

It was formerly lawful to suffer domestic animals to run at large in this State, but there is now a statute making it unlawful for the owners of domestic animals to suffer the same to run at large in any county in this State, except where it shall have been legalized subsequently to the passage of the statute, by a vote of the county, at a general election.   Laws 1871–2, p. 116.   There is no evidence of any vote upon the subject having been taken in Adams county, where the accident occurred.   It occurred in May, 1873, after the law went into effect.

The evidence is very clear that, at the time of the accident, and before, the cow was running at large by sufferance of appellee.   She was killed at a place where the company was not required to fence, upon a highway crossing over the track, and came along in the highway on to the track upon the crossing.   The animal, then, was unlawfully upon the railroad track, and a different liability attaches to the railroad company than would, in case the cow had been lawfully running at large, and had been lawfully upon the crossing; and former decisions, under the law permitting cattle to run at large, may not apply fully under the law as it now is, when

animals are killed at places where the company is not required to fence, and no neglect in fencing is involved.

The rule of liability in such a case as the present, where an animal is unlawfully upon a railroad track, we conceive to be, that the company is not, in general, liable, unless its servants, after they discovered that the animal was in danger, might, by the exercise of proper care and prudence, have prevented the injury; that it is not sufficient, in such case, to charge the company, to show that they were running at a high rate of speed, or without proper care in other respects. 1 Redf. Law of Railways, sec. 126, 1, 9, and cases cited in note; and see *Godfrey* v. *Illinois Central Railroad Co. ante,* p. 500, and cases there cited.

The evidence makes no case for the plaintiff, under the above rule. The accident occurred on the night of May 26, 1873, at about 9 o'clock, at the way station of Chatten, where trains did not stop unless signalled to do so, and they were not so signalled here. The cow was struck by the engine of a passenger train going north, upon the crossing of the railway track and a public highway. According to the testimony of the engineer and fireman, as the train approached the station, at the whistling-post, which is a half mile from the station, the engineer blew the whistle, to notify the station of the approach of the train, and shut off the steam from the engine, and, 80 rods from the highway, the fireman began ringing the bell, and continued to ring it until after the train had passed the station. About 100 feet from the highway, the engineer, who was looking ahead for a signal to stop at the station, saw two cows approaching the track, in the highway; first saw their heads as they came within range of the headlight of the engine, just as they were coming upon the crossing; the engineer instantly whistled down brakes, reversed his engine, and gave two or three short, sharp whistles, to scare off the cows, and did all that could be done to avoid injuring them; one of them did get out of the way, but the other was struck.

The night was dark, and the cow could not be seen from the engine until she came within the range of the head-light as she approached the railway track. There was really no opposing evidence to this (unless the testimony of some witnesses, that they thought the train was running 25 miles an hour, might be considered such,) but that of the appellee, who was in bed at the time of the accident, who testified that there was only one whistling at the whistling-post; that there was no whistling after that, and that the train did not slack up as it approached the station. The only act of negligence attempted to be established against the defendant by any other testimony than that of the plaintiff, as above, was, running at the speed of 25 miles an hour.

The evidence entirely fails to show that the employees of the defendant in charge of the engine, after discovering the peril of the animal, might, by the exercise of proper care and prudence, have prevented the injury.

We regard the verdict as manifestly against the evidence, and the judgment will be reversed.

         *Judgment reversed.*

Mr. JUSTICE WALKER and Mr. JUSTICE CRAIG dissent.