ANNA R. DEGRAFFENRIED, plaintiff in error, *vs.* THE BRUNSWICK AND ALBANY RAILROAD COMPANY, defendant in error.

A receiver cannot be sued for the assets placed in his hands, or be disturbed in the possession or management thereof, without first obtaining leave of the appointing court.

Equity. Receiver. Before Judge HANSELL. Berrien Superior Court. March Term, 1876.

Reported in the decision.

D. H. POPE, for plaintiff in error.

W. S. BASINGER, by brief, for defendant.

WARNER, Chief Justice.

This was a proceeding in the nature of a bill in equity, filed by the complainant in behalf of herself and son, as the widow and child of Spencer F. deGraffenried, against John Screven, receiver of the Brunswick and Albany Railroad Company, to recover damages for the killing of the said Spencer deGraffenried, in the county of Berrien. The com-

deGraffenried *vs.* The Brunswick and Albany Railroad Company.

plainant alleges that the said receiver of the aforesaid railroad company was appointed by the superior court of Glynn county, in this state, to take charge of, manage and run said road for the benefit of the owners and creditors thereof; that whatever damages she may be entitled to recover for herself and ward will be lost to them by reason of the insolvency of said railroad company and its owners, therefore she prayed that the judge of the superior court of Berrien county would grant an injunction enjoining said receiver from paying out and to hold in his hands a sufficient amount of the accrued and accruing assets of said railroad company as will fully meet any judgment that may be rendered in her favor. On the 3d of September, 1873, the judge of the southern circuit ordered an injunction to issue as prayed for, subject to the further order of the court, with leave to defendant to move a revocation of said order on ten days' notice to plaintiff's attorney. The defendant filed a demurrer to the complainant's bill, and made a motion to dissolve the injunction. The court sustained the motion, on the ground that there was no allegation in the complainant's bill that authority or permission to sue said receiver had been granted by the court appointing said Screven receiver, whereupon the complainant excepted.

There was no error in sustaining the demurrer and dissolving the injunction on the statement of facts contained in the record. Screven, the receiver, was the officer and servant of the superior court of Glynn county, which had appointed him, was bound to obey its direction, and was responsible to no other tribunal: Code, section 5150. That a receiver, appointed by a court of chancery, cannot be sued for the assets placed in his hands, or be disturbed in the possession and management thereof, without first obtaining leave of the court appointing him, is not an open question in the courts of this state: *Field et al., vs. Jones et al.*, 11 *Georgia Reports*, 413; *Screven vs. Clark*, 48 *Ibid.*, 41; *Henderson vs. Walker*, 55 *Ibid.*, 481; *Thurman vs. Cherokee Railroad Company*, 56 *Ibid.*, 376.

Let the judgment of the court below be affirmed.