### 1456.　GEORGIA COAST & PIEDMONT RAILROAD COMPANY *v.* DURRENCE & SANDS.

POWELL, J. 1. A petition which shows that the plaintiffs were lumber manufacturers, with their plant located on the line of the defendant railroad company; that they sold a bill of lumber to one of their customers at a destination beyond the defendant's line, but on a connecting line; that the defendant had been accustomed to receive cars to that destination and promised to furnish cars for this shipment, but, after the lumber had been placed on the side-track, arbitrarily and in bad faith refused to furnish them, whereby the plaintiff suffered a loss by reason of the lack of a local market and the absence of other shipping facilities, sets forth a valid cause of action. *Chatta. So. R. Co.,* v. *Thompson,* 133 *Ga.* 127 (65 S. E. 285); *Durden* v. *So. Ry. Co.,* 2 *Ga. App.* 66 (58 S. E. 299).

2. In a case of the kind indicated in the previous headnote, where the original petition proceeded on the theory that there had been a total loss of the lumber by reason of its being left at an inaccessible point without shipping facilities, an amendment setting up that, since the institution of the suit, the plaintiffs had been able to sell the lumber at a reduced price, and decreasing accordingly the amount of damages claimed, is not subject to the objection that it sets up a new cause of action.

3. The act approved August 23, 1905 (Acts 1905, p. 120), known as "the reciprocal-demurrage act," is applicable only where the gist of the plaintiff's claim is based on the violation of the carrier's public duty, irrespective of contract. *Southern Railway Co.* v. *Melton,* 133 *Ga.*　　(65 S. E. 665).

4. Though a railroad company in this State, as to intrastate shipments, is not compelled to accept shipments to points beyond the terminus of its own line, yet it may contract to do so, or may by custom bind itself to do so. It can not grant this accommodation to one customer and refuse it to others standing in the same relation; as to do so would be an unjust discrimination.

5. A promise by a conductor of a freight-train to furnish cars for a particular shipment is enforceable against the railway company, where it appears that he had been entrusted by the company generally with this power and had been accustomed to exercise it.

6. The evidence fully sustained the verdict.　　　　*Judgment affirmed.*

Action for damages, from city court of Reidsville—Judge Morgan. September 16, 1908.

Argued December 10, 1908.—Decided September 30, 1909

*Hitch & Denmark,* for plaintiff in error.

*W. T. Burkhalter,* contra.