### 3071.  HARRELL *v.* ATKINSON *et al.,* receivers.

1. A receiver of a corporation, without the permission of the court which appointed him, can not be sued for any acts of negligence of the corporation prior to his appointment as receiver.
2. It appearing from the petition that the tort was committed upon the plaintiff four days prior to the appointment of the receivers, and, therefore, that the receivers were not proper parties defendant, the general demurrer was properly sustained.

DECIDED APRIL 3, 1911.

Action for damages; from city court of Fitzgerald—Judge Wall. October 31, 1910.

*Haygood & Cutts,* for plaintiff.

*Elkins & Wall, Crovatt & Whitfield,* for defendants.

RUSSELL, J.   The plaintiff in error brought an action for damages against Atkinson and Parrott, as receivers of the Atlanta, Birmingham & Atlantic Railroad Company, for personal injuries which he alleged he had sustained by reason of certain acts of negligence specified in the petition.   The defendants demurred generally, alleging that "the petition does not set out or show any right or cause of action in favor of said plaintiff against said defendants;" also the defendants demurred generally in a second paragraph, alleging that "the petition does not contain any facts, or sufficient facts, which, if true, would entitle the plaintiff to recover against the defendants in said case;" and by special demurrers they pointed out certain specific points in which the plaintiff's petition was irrelevant, incomplete, and defective.   In response to one of the special demurrers the plaintiff filed an amendment, setting up that the conduct which was apparently negligence on his part was due to express orders of agents of the company, and was his duty under the circumstances.   The trial judge sustained the demurrer and dismissed the petition.

In our view of the case it is not necessary to consider the propriety of the court's ruling, except in so far as it relates to the general demurrer first quoted.   The question clearly presented by the general demurrer is whether the receivers of a corporation are liable for injuries alleged to have been inflicted by the corporation prior to the appointment of the receivers.   In the present case it is alleged in the petition that the defendants were appointed as receivers of the Atlanta, Birmingham & Atlantic Railroad Company on January 1, 1909, by the United States circuit court for the northern district of Georgia, and that the injuries which resulted in the damage to the plaintiff were inflicted on December 27, 1908.   It thus appears from the plaintiff's own allegations that the injuries which are the basis of his suit occurred certainly four days before the receivers were appointed.   Construing the petition most strongly against the plaintiff, there perhaps occurred a greater length of time than four days, because the petitioner, in paragraph 3, says that the Atlanta, Birmingham & Atlantic Railroad Com-

pany "was operating their said line of railroad as herein stated until *about* the 1st day of January, 1909." It is not alleged that permission had been granted by the United States circuit court for the northern district of Georgia to sue the receivers in the present action. The suit is therefore an effort, without permission of the court, to attach to the receivers liability for a tort of the corporation, and can not be maintained.

Until a comparatively recent period there was no exception to the well-established rule that a receiver, being an officer of court, could not be sued at all except by permission of the court which appointed him. This is still the general rule, and the right to sue a receiver without permission of the court, resting upon exceptions provided by statute, is confined to the express terms of this enactment. Where permission of the court is obtained to sue a receiver, the permission may, of course, extend to causes of action primarily against the corporation of which he is receiver, as well as to causes of action against him for acts done by him in the operation of the business; but, on the other hand, in this State as well as in actions in the Federal courts, the right to sue without obtaining the permission of the court is confined to those cases in which the cause of action is dependent upon the conduct of the receiver, subsequent to the receivership. The general rule with reference to suing receivers, as set forth in High on Receivers (4th ed.), 293, 294, is as follows: "A receiver being an officer of the court, acting under its direction, and in all things subject to its authority, it is contrary to the established doctrine of courts of equity to permit him to be made a party defendant to litigation, unless by consent of the court appointing him. And it is in all cases necessary that a person desiring to bring suit against a receiver in his official capacity should first obtain leave of the court by which he was appointed, since the courts will not permit the possession of their receivers to be disturbed by suit or otherwise, without their consent and permission."

As stated above, this general rule, so far as the United States courts are concerned, was changed at a comparatively recent date by an act of Congress, approved March 3, 1887 (4 Fed. Stat. Ann. 387; U. S. Comp. St. 1901, p. 582); but the right to sue receivers without special permission was expressly limited. The cause of action must be one "in respect of any act or transaction

of his in carrying on the business connected with such property."
In Georgia, by the act of 1895 (Acts 1895, p. 103), the liability of
receivers operating railroads in this State was made the same as
the liability of railroad companies generally, in actions "for injuries
and damages to persons in their employ, caused by the negligence of
coemployees;" and by an amendment approved December 24, 1896,
the liability of receivers was extended to injuries or damages to per-
sonal property. Acts 1896, p. 63. This exception to the general
rule requiring the special permission of the court to sue its receiver
is embodied in the Civil Code (1910), § 2788, and also contains
a very salutary provision for the benefit of employees in creating
a lien on the gross income of a railroad in favor of an employee's
claim which might otherwise be valueless.

It will be observed that neither the State laws nor Federal
statutes extend the exception to the general rule any further than
to injuries committed by the receiver or his agents during his ad-
ministration of a railroad. Consequently, where it appears, as in
the present instance, that the injury of which complaint is made
occurred prior to the receivership, and there was no allegation that
the court which appointed the receiver had authorized the suit,
the action could not be maintained. "The receiver of a railway
company is not liable for damages for personal injuries suffered
prior to his appointment, and he is therefore not a proper party to
an action brought for the recovery of such damages." High on Re-
ceivers, 540.

It is suggested by counsel for the plaintiff that the general de-
murrer could not reach the specific point upon which we have just
ruled; and it is urged that the judgment of the lower court was
error, because there was no special demurrer pointing out wherein
the petition was defective in the respect to which we have adverted;
and the cases of *Martin* v. *Bartow Iron Works*, 35 *Ga.* 320, Fed.
Cas. No. 9,157, *Douglas Railway Co.* v. *Swindle*, 2 *Ga. App.* 550,
557 (59 S. E. 600), and *Pennington* v. *Douglas Railway Co.*, 3 *Ga.
App.* 665, 669 (60 S. E. 485), are cited. Where a petition is struc-
turally defective, a special demurrer is required; but where it is ap-
parent, taking without question the statements of the petition as
made, that there can be no right of action, a general demurrer
is sufficient. We are therefore of the opinion that there is no merit
in the contention that, as the demurrer does not point out why

the receivers can not be sued, the sustaining of the demurrer upon this point was erroneous, or in the insistence that the court could not determine on a general demurrer whether the particular facts upon which such right of action might exist are sufficiently alleged in the petition or not. Though it is true, as insisted, that under certain circumstances receivers can be made liable for an act of the corporation, because they have the assets of the corporation and are administering them, still, inasmuch as in such cases the permission of the court must be obtained as an indispensable prerequisite to the filing of the suit and be alleged in the petition, the cause of action without this allegation would be fatally defective. The defendants in the present case properly demurred generally to the petition as setting forth no cause of action. Even a motion to strike would have been sufficient.　　　　　*Judgment affirmed.*