2954. MUNSON, receiver, v. HOUSER et al.

HILL, C. J.  1. Irrespective of whether the suit was one ex contractu or ex delicto, the venue was in Bibb county. Civil Code (1910), § 2798.

2. Suits against receivers, trustees, assignees, and other like officers, operating railroads in this State, or partially in this State, whether arising ex contractu or ex delicto, where the cause of action relates to injuries or damage to personal property, may be brought without first having obtained leave to sue from any court. Civil Code (1910), §§ 2788, 2789.

3. The judgment on the demurrer is fully controlled by the decision of the Supreme Court in Louisville & Nashville R. Co. v. Warfield, 129 Ga. 473 (59 S. E. 234).                                    Judgment affirmed.

DECIDED JUNE 7, 1911.

Complaint for damages; from city court of Macon—Judge Hodges. September 10, 1910.

The case came to this court on exceptions of Parrott, receiver of the Macon & Birmingham Railway Company, to the overruling of his demurrer and motion to dismiss the plaintiffs' petition. Munson, his successor as receiver, was afterwards made plaintiff in error.

The petition alleged: "That S. F. Parrott, as receiver of the Macon & Birmingham Railway Company, has injured and damaged your petitioners in the sum of $1,000.

"1. That the said S. F. Parrott was, by order of the honorable superior court of the county of Bibb, on the—day of———1907, appointed the receiver of a line of railroad of the city of Macon—the Macon & Birmingham Railway Company—together with all property used by the said Macon & Birmingham Railway Company in the conduct of the business of said road, and that he was by the order of the court authorized to operate and carry on the business of the railway of said Macon & Birmingham Railway Company, and that he was on the 7th day of July, 1908, as such receiver, in full possession of all properties of the said railway company, and was carrying on the business of the railway company in said county of Bibb, over the line of said Macon & Birmingham Railway Company, at said time.

"2. That on the 7th day of July, 1908, they delivered to the said S. F. Parrott, receiver as aforesaid, at Lizella, in said county of Bibb, 545 crates of peaches, valued at $750, and then and there entered into a contract with the said S. F. Parrott, receiver as aforesaid, to transport and deliver said peaches to T. P. Wallace in the city of New York, for account of your petitioners; that through the

negligence of said railway company, the said 545 crates of peaches were delivered to the said T. P. Wallace in such a damaged condition that the same would only bring 50 cents a crate in the market in New York, thereby causing a loss to your petitioners of the sum of $1 a crate in the value of said peaches; that said peaches were immediately sold on arrival, and delivered by the said Wallace, for the sum of 50 cents a crate, and that sum was all that they were worth upon the market.

"3.   That the damage to said peaches was caused by the failure of said railway company to exercise ordinary care and diligence in the transportation and delivery of said peaches; that if ordinary care had been exercised, the same would have been delivered to petitioners' agents in the city of New York in a marketable condition, and would have been worth upon the market of the city of New York the sum of $1.50 a crate, but for the negligence of said company in handling said peaches aforesaid."

Paragraph 2 was amended by adding: "that the said price of 50 cents per crate was the full value of said peaches per crate in the condition they were at the time they were so sold, and said sum was the highest market value the same could be sold for in such condition."

The defendant moved to dismiss the petition, on the following grounds:   The petition must be construed as a suit on a contract; otherwise there are no allegations showing any tort committed in Bibb county upon which suit could be brought in Bibb county; and if the petition sounds ex contractu, there is no authority shown to sue the defendant as receiver.   The petition, if construed as a suit for injury to personal property, fails to allege that the cause of action was in Bibb county, or that the tort was committed therein; and therefore the suit, as an action ex delicto, can not be maintained in Bibb county.   It does not appear from the petition that the petitioners obtained leave from the superior court of Bibb county to file the suit or bring any action for damages against the receiver. There was a demurrer on the grounds, that the petition set forth no cause of action, that it failed to set forth any acts of negligence against the defendant, and failed to show wherein the defendant was negligent, and did not sufficiently set forth how and in what manner the shipment was damaged; that the petition was duplicitous, it not appearing whether the suit was an action ex delicto or an

action ex contractu, or was on the alleged contract of carriage or for the alleged violation of a public duty as a common carrier; and that the alleged contract of carriage was not fully set forth.

*F. U. Garrard, Hardeman, Jones, Callaway & Johnston,* for plaintiff in error, cited: 99 *Ga.* 365; 57 *Ga.* 22; 56 *Ga.* 376; Civil Code of 1895, §§ 2324-5; Acts 1896, p. 63; 7 *Ga. App.* 545; 5 *Ga. App.* 696 (2); 3 *Ga. App.* 492; 6 *Ga. App.* 614; 7 *Ga. App.* 542; 87 *Ga.* 736; 128 *Ga.* 287.

*Guerry, Hall & Roberts,* contra, cited: Acts 1895, p. 103; Acts 1896, p. 63; 129 *Ga.* 473.