## ATKINSON, receiver, *v.* KREIS.

1. Where a landowner and a railroad company contract in writing that in consideration of the landowner's relinquishment of a road necessary to the enjoyment of his property, which traverses the track of the company, the latter will donate and dedicate for road purposes a road opened on its right of way, for the benefit of the landowner and the public, and subsequently to the closing of the original road the railroad company is placed in the hands of a receiver by a United States court, and the receiver closes a part of the substituted road in order to furnish track facilities to a patron, an action for the trespass against the receiver is maintainable in virtue of the act of Congress (25 Stat. 436, 4 Fed. Stat. Ann. 387, U. S. Comp. St. 1901, p. 582), without the previous leave of the court in which such receiver was appointed.

2. The measure of damages in such a case is the difference in the market value of the landowner's property with the substituted way opened and with it closed.

3. Evidence to show the market value of the property before and after the contractual way was closed is competent.

4. The verdict is supported by the evidence.
                    MAY 15, 1913.

Action for damages. Before Judge Ellis. Fulton superior court. July 6, 1912.

E. J. Kreis is the owner of a tract of land near the city of Atlanta, access to which was over a private road from a public road near by. In 1908 the Atlanta, Birmingham and Atlantic Railroad Company desired to construct its road across this private way. The railroad company and the landowner entered into a written contract, which recited, that there was a private way running from the Garrett Bridge road to the landowner's property across the right of way of the railroad company; that in the construction of the railroad it became necessary to make a cut of 12 or 15 feet, causing a diversion of the road at the point of intersection, in order to make it passable; that the railroad company had opened up a road on its right of way to a point west of the present line of the private road about 150 or 200 feet, and at that point had constructed a grade-crossing over the railroad, and from there had constructed a road back on the right of way to the line of the original road; and that whereas the maintenance of this road was necessary to the enjoyment by the landowner of his property lying north of the railroad, it was agreed between the parties that the railroad company donated and dedicated for road purposes the road so opened on its right of way and across its road, in perpetuity for the benefit of the landowner and the public; and the company covenanted to perpetually maintain a grade-crossing in good order at the point where the grade-crossing was then constructed, or at some other convenient point. Subsequently H. M. Atkinson was appointed receiver of the railroad company, by an order of the United States Circuit Court for the Northern District of Georgia, and went into possession of the railroad property. Thereafter the receiver caused a spur-track to be constructed across the road described in the contract, in order to afford facilities to a patron; and thereby ingress and egress thereover was rendered impossible. The landowner sued the receiver for damages alleged to have accrued from the destruction of the contractual road, and recovered. A motion for new trial was overruled, and the defendant excepted.

*Rosser & Brandon* and *Stiles Hopkins,* for plaintiff in error.

*James L. Key,* contra.

EVANS, P. J. (After stating the foregoing facts.)

1. The suit was instituted against the receiver without previous leave of the United States court authorizing it. It is insisted that the suit is not maintainable without such order. This point

is not tenable. The act of Congress of August 13, 1888, provides that every receiver of any property, appointed by any court of the United States, may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver was appointed; but that such suit shall be subject to the general equity jurisdiction of the court in which such receiver was appointed, so far as the same shall be necessary to the ends of justice. 25 Stat. 436, 4 Fed. Stat. Ann. 387, U. S. Comp. St. 1901, p. 582. The injury complained of in this case is the destruction of the land-owner's easement which the railroad company contracted to. give him in consideration of his relinquishment of an existing private road essential to the enjoyment of his property. It was alleged, and proof was submitted to sustain the allegation, that the interference with the contractual way was the result of the construction of a track by the receiver, intended to serve a manufacturing plant located on property adjacent to the railroad. The act of the receiver in making the obstruction was in pursuance of a transaction of his carrying on the business of the company, referred to in the act of Congress. The provision in the act that such suit shall be subject to the general equity jurisdiction of the court in which such receiver was appointed, so far as the same shall be. necessary to the ends of justice, applies only to suits which seek to interfere with the receiver's possession of the property, and to process the execution of which would have that effect. Dillingham *v.* Hawk, 60 Fed. 497; St. Louis Southwestern Railroad Company·*v.* Holbrook, 73 Fed. 112. It does not interfere with suits against it in respect to any act or transaction of the receiver in carrying on the business without the previous leave of the court.

2. The measure of damages for the destruction of the easement of way which the railroad company contracted to give the landowner in consideration of his relinquishment of an existing right of access to his property is its effect upon the landowner's property. It was expressly recognized in the contract between the railroad company and the landowner that the contractual right of way was necessary to the enjoyment by the landowner of his property; it was treated as an easement appurtenant to that property. If the destruction of that easement affects the value of the appurtenant property, then the measure of damages is the difference in

the market value of the landowner's property with the substituted way opened and with it closed. See, in this connection, *Mallory* v. *Morgan County,* 131 *Ga.* 271 (62 S. E. 179).

3. Certain witnesses were examined with reference to the value of the property before the way was closed and its value after the way was obstructed. Some criticism is made of the form of the question, as indicating that the witnesses were not confined to the particular road which was closed, as affecting its market value. When the testimony to which objection is taken is considered in connection with the context, we think it clear that the testimony of the witnesses had relation solely to the effect of the particular road described in the contract between the railroad company and the landowner, its effect upon the landowner's property if maintained according to the contract, and its effect upon the market value by reason of the road being rendered impassable by the construction of the side-track over it. This evidence was competent to show the market value of the property before and after the contractual way was obstructed.

4. It is contended that the recovery is for too large an amount; but after a careful consideration of the evidence, we do not think the verdict is excessive. The verdict is authorized, and has the approval of the trial judge, and no sufficient reason is made to appear to reverse the judgment of the court refusing a new trial.

*Judgment affirmed. All the Justices concur.*