5850.   GEORGIA NORTHERN RAILWAY CO. *v.* SNELLGROVE &
BOZEMAN.

WADE, J.   1. The original petition alleged certain specific damage result-
ing from a failure by the carrier to furnish cars for the movement of a
shipment of lumber in response to a written application therefor, duly
filed, and did not seek a recovery of the penalty provided for by section
2635 of the Civil Code or by any rule of the railroad commission, and
the amendment offered by the plaintiff, setting out that the defendant
was bound by a definite express contract to furnish cars for the purpose
named, did not add a new and distinct cause of action.   The court did
not err in overruling the demurrer to the petition as amended.

2. "The obligation of a carrier to furnish cars to a patron may arise either
from the duty imposed by law, or from a special contract between the
carrier and the patron.   In a suit for a breach of a special contract,
matters which will not excuse performance of the contract, but only
tend to excuse performance of the general duty imposed by law, are not
relevant."  *Chattanooga Southern R. Co.* v. *Thompson,* 133 *Ga.* 127 (65
S. E. 285).   "Where the obligation springs from the contract, the carrier
will be held liable in all cases where the circumstances are not such as
to relieve from the performance of contracts generally."  Id. 130.

(*a*) There was evidence in behalf of the plaintiff from which the jury
were authorized to infer that there was a definite contract between the
carrier and the shipper to furnish the cars, the failure to supply which
was the cause of the damage sued for, and that no sufficient excuse for
the non-performance of such contract existed.

(*b*) The contract as alleged, and as shown by the proof in behalf of the
plaintiff, which was accepted by the jury, was not too vague or uncer-
tain to afford a cause of action for its breach.  *Chattanooga Southern
Railroad Co.* v. *Thompson,* supra.

3. The act of 1905 (Acts of 1905, p. 120), known as the "reciprocal-demur-
rage act," is applicable only where the gist of the plaintiff's claim is
based on the violation of the carrier's public duty, irrespective of con-
tract.  *Georgia Coast & Piedmont Railroad Co.* v. *Durrence,* 6 *Ga. App.*
615 (65 S. E. 583).  See also, in this connection, *Southern Railway Co.*
v. *Melton,* 133 *Ga.* 277 (65 S. E. 665).

(*a*) Where the gist of the plaintiff's claim as set out in his petition is
based on the failure of the carrier to perform a specific contract, section
2635 of the Civil Code (supra) is not applicable.

4. Under the evidence, the jury were authorized to find that the partner-
ship between the plaintiffs had not been dissolved before the bringing
of the suit in the firm name, notwithstanding the firm had ceased to do
active business, as it appeared that there were debts due the firm, in
process of collection, and no final settlement had been effected between
the parties.  See *Harris* v. *Mathews,* 107 *Ga.* 46 (32 S. E. 903).

5. The court did not err in overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED MAY 17, 1915.

Action for damages; from Colquitt superior court—Judge Thomas. June 13, 1914.

*J. W. Walters, Shipp & Kline,* for plaintiff in error.
*James L. Dowling,* contra.