12084.    FRIED *v.* SULLIVAN *et al.,* receivers.

Without first obtaining leave from the court which appointed them, suit can not be brought against the receivers of a railroad company to recover damages arising from personal injuries to one not an employee of the receivers, and caused by the operation of the railroad by the receivers.

DECIDED JULY 28, 1921.

Action for damages; from city court of Waynesboro — Judge W. H. Davis. December 4, 1920.

*Jones, Park & Johnston,* for plaintiff.

*Barrett & Hull,* for defendants.

BLOODWORTH, J.  Suit was brought by Mrs. Bertha Fried against the receivers of the Georgia & Florida Railway for personal injuries received by her, caused by the operation of the railway. The defendants demurred upon the ground that the petition did not show that permission to bring the suit had been obtained from the superior court of Richmond county, the receivers having been appointed by that court.  The demurrer was sustained and the petition dismissed, and the plaintiff excepted.  From the foregoing statement it will be seen that the record in this case presents but one question for determination, and that is, without first obtaining leave from the court which appointed them, can suit be brought against the receivers to recover damages arising from personal injuries to one not an employee of the receivers, which injuries were caused by the operation of the railroad by the receivers?  To this question we answer, no.  While the courts are not all agreed in holding that leave to sue a receiver is jurisdictional and essential to the maintaining of an action, this is not an open question in Georgia.  This court and the Supreme Court of this State adhere to the general rule as laid down in High on Receivers, (4th edition) 293, 294, as follows: " A receiver being an officer of the court, acting under its direction, and in all things subject to its authority, it is contrary to the established doctrine of courts of equity to permit him to be made a party defendant to litigation, unless by consent of the court appointing him.  And it is in all cases necessary that a person desiring to bring suit against a receiver in his official capacity should first obtain leave of the court by which he was appointed, since the courts will not permit the possession of their receivers to be disturbed by suit or otherwise, without their consent and permission."  See *Harrell* v. *Atkinson,* 9 *Ga. App.* 152 (70 S. E. 954) ; *Stephens* v. *Augusta Tel. &c. Co.,* 120 *Ga.* 1082, 1083 (48 S. E. 483) ; *Vestel* v. *Tasker,* 123 *Ga.* 213 (51 S. E. 300) ; *Jones* v. *Cosby,* 70 *Ga.* 726.  It is also said in High on Receivers (4th ed.), 296, " And it is necessary to aver in the complaint or declaration against the receiver, that leave of court has been granted to bring the action, and the absence of such an averment is fatal upon demurrer."  An exception to this general rule is found in sections 2788, 2789 of the Civil Code of 1910.  Counsel for the plaintiff in error insist that this exception is applicable to the case sub

judice. In this contention we cannot agree with the learned counsel. Section 2788 is in part as follows: " The liability of receivers, trustees, assignees, and other like officers operating railroads in this State, for injuries and damages to persons in their employ, caused by the negligence of coemployees, or for injuries or damages to personal property, shall be the same as the liability now fixed by the law governing the operation of railroad corporations in this State for like injuries and damages." It will be noted that this section applies only to injuries and damage to persons in the employ of certain officers, " caused by the negligence of co-employees, or for injuries or damages to personal property." Section 2789 is as follows: " Suits may be brought against either of such officers in the same county, and service may be perfected by serving them or their agents in the same manner, as if the suit had been brought against the corporation whose property or franchise is being operated by them, and all such suits may be brought without first having obtained leave to sue from any court." The two sections above referred to, so far as applicable to this case, were codified from the act approved December 16th, 1895 (Ga. L. 1895, p. 103), and the words " either of such officers " in section 2789 evidently refer to the officers named in section 2788, to wit, " receivers; trustees, assignees, and other like officers." It is equally clear that " suits," " the suit," and " such suits," as used in section 2789, apply only to suits brought under section 2788 against the " officers operating railroads in this State, or partially in this State, for injuries and damages to persons in their employ, caused by the negligence of coemployees, or for injuries or damages to personal property." Under this ruling the court did not err in sustaining the demurrer to the petition and dismissing it. *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*