**LANCASTER et al. v. ARCHBELL et ux.**
**(No. 2461.)**

(Court of Civil Appeals of Texas. Texarkana. Nov. 24, 1921.)

Receivers ⬦174(1) — Railroad receivers may be sued for damage caused by reservoir for water used in railroad shops, without leave of court.

Under U. S. Comp. St. § 1048, permitting a receiver of property appointed by a United States court to be sued for any act or transaction in carrying on the business in connection with such property without the permission of the court, receivers of a railroad who constructed a pond as a reservoir for water to be used in railroad shops *held* liable to be sued for damage caused thereby without permission of the federal court appointing them.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by W. B. Archbell and wife against J. L. Lancaster and others, receivers. Judgment for plaintiffs, and defendants appeal. Affirmed.

Prendergast & Prendergast, of Marshall, for appellants.

Cary M. Abney and Wm. F. Young, both of Marshall, for appellees.

WILLSON, C. J.    This appeal is from a judgment against appellants in favor of appellees for $600, as the damages they were entitled to recover of appellants because of a reservoir for impounding surface water constructed by appellants near appellees' home in the city of Marshall in 1917, which they alleged was a permanent nuisance.

At the trial appellants insisted that, the suit being one "for the recovery," quoting, "of damages to real estate resulting from the construction of a water reservoir on certain land owned by the Texas & Pacific Railway Company," of which they were receivers, it could not be maintained against them in the absence, as was the case, of leave of the federal court appointing them. Complaint is made in the first assignment of the action of the trial court in overruling the contention. As we see it, the ruling was not erroneous. The federal statute (section 1048, U. S. Comp. Stats.) specifically provides that—

"Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed."

"The pond was constructed," appellants say in their brief, "as a reservoir for water to be used in the shops at Marshall and for the use of locomotives running out of" Marshall on the road;" and yet they argue, in support of their contention, that the construction of the pond was not "an act or transaction of the receivers in operating the railway." We think it was. Neither the shops nor locomotives could be operated without water; and therefore constructing a reservoir to impound water certainly was an act of the receivers "in carrying on the business connected with" the property in their charge. Meyer v. Harris, 61 N. J. Law, 83, 38 Atl. 690; Robinson v. Mills, 25 Mont. 391, 65 Pac. 114; Atkinson v. Kreis, 140 Ga. 52, 78 S. E. 465; McNulta v. Lochridge, 141 U. S. 327, 12 Sup. Ct. 11, 35 L. Ed. 796; 2 Tardy's Smith on Receivers, § 749; 23 R. C. L. 127 et seq. In the case first cited receivers who maintained a structure upon the lands of the railway company which operated as at nuisance to the plaintiff were held within the statute. In the Robinson-Mills Case it was held that a receiver of a water company, who continued its business, and who was sued for failure to put a street in safe condition, though it was excavated and defectively filled by the company before he was appointed receiver, was within the statute. And in the Atkinson-Kreis Case it was held that a receiver who closed part of a road in order to furnish track facilities to a patron of the railway he was operating, and who was sued for the destruction of the plaintiff's easement, was within the statute.

Another, and the only other, contention presented by the assignments is that the verdict and judgment were excessive in amount. As we understand the testimony, it was amply sufficient to support the amount awarded.

The judgment is affirmed.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes