### 12680.   HANCOCK *v.* MILLER, receiver.

JENKINS, P. J. Except as modified by the provisions of Civil Code (1910), §§ 2788, 2789, it is the general rule that before a suit can be maintained against a receiver of a railroad company it is necessary that the consent of the court appointing him be obtained. *Fried* v. *Sullivan,* 27 *Ga. App.* 326 (108 S. E. 127). The petition in the instant case having failed to show a compliance with this requirement, and not being governed by the provisions of the code sections mentioned, it not being a suit based on tort, for damage to personalty on account of the failure of the defendant to comply with its common-law duty to furnish cars for the transportation of freight within a reasonable time after demand (*Southern Ry. Co.* v. *Moore,* 133 *Ga.* 806, 67 S. E. 85, 26 L. R. A. (N. S.) 851), but under its plain and explicit terms being a suit for breach of a specific contract, wherein it is alleged that the defendant failed to furnish the cars by a specified hour on a named day, after having through its

duly authorized agent expressly contracted so to do (*Chattanooga Southern R. Co.* v. *Thompson*, 133 *Ga.* 127 (3), 65 S. E. 285; *Ga. Northern Ry. Co.* v. *Snellgrove*, 16 *Ga. App.* 344, 85 S. E. 790), it was subject to the specific ground of defendant's demurrer raising the question of the court's jurisdiction to entertain the same.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED MARCH 9, 1922.

Action for damages; from Upson superior court — Judge Searcy. July 2, 1921.

*James R. Davis,* for plaintiff.

*J. E. Hall, C. J. Bloch, M. H. Sandwich,* for defendant.