17928.  Griffin Fuel Supply Company *v.* Automobile
Insurance Company of Hartford.

Jenkins, P. J. 1. Where suit is brought on a policy of marine insurance by which the defendant company contracts to indemnify the insured against loss sustained by reason of the adventures and perils of the waters named in the policy, the plaintiff must allege and show that the loss sued for resulted from one of the perils insured against. 38 C. J. p. 1173, § 520; *Lipshitz* v. *New Zealand Insurance Co.,* 34 *Ga. App.* 825 (3), 832 (132 S. E. 131).

2. Where it is apparent, taking without question the statements of the petition as made, that there can be no right of action, a general demurrer is sufficient, and it need not point out wherein the petition is

Dismissal and Nonsuit, 18 C. J. p. 1187, n. 60; p. 1188, n. 69.

Marine Insurance, 38 C. J. p. 1172, n. 46; p. 1173, n. 65, 66, 67, 68.

Pleading, 31 Cyc. p. 289, n. 61; p. 290, n. 69; p. 311, n. 53; p. 317, n. 85, 87; p. 318, n. 90; p. 358, n. 3.

defective. *Harrell* v. *Atkinson*, 9 *Ga. App.* 150, 153 (70 S. E. 954). A special demurrer complaining that the cause of action is imperfectly or inadequately stated must "put its finger upon the very point," and a demurrer styling itself a general demurrer, in that it attacks the petition as a whole, can not be construed as special in its nature and effect unless it points out the particular defect in the pleading attacked. *Southern Ry. Co.* v. *Chambers*, 126 *Ga.* 404, 409 (55 S. E. 37, 7 L. R. A. (N. S.) 926). In the instant case the petition alleging that the vessel insured by the policy was sunk while in the possession of the plaintiff, and while being watched by a watchman, and while tied up to a wharf in the waters named in the policy, "without fault on the part of petitioner and from a cause against which petitioner was insured and indemnified against by the defendant company under its policy of insurance," would not have been subject to a demurrer upon the mere general complaint that it failed to set forth a cause of action, but since the demurrer, although styling itself as general, in that it attacks the petition as a whole, puts "its finger upon the very point" of complaint, by setting forth that "the petition does not allege the cause of the sinking or specify the peril to which the sinking was due," and does not "allege facts which show that the loss was due to one of the perils insured against," and since the court by its order specifically approved this special ground of complaint, and by its order afforded the plaintiff opportunity to cure by amendment the defect thus specifically complained of, the demurrer will be treated as special in its nature and effect, so as to take the case without the operation of the general rule that a petition is not to be dismissed on general demurrer when it sets forth a cause of action, although imperfectly. See, in this connection, *McDonald* v. *Georgia So. & Fla. Ry. Co.*, 138 *Ga.* 15 (74 S. E. 691) ; *McSwain* v. *Edge*, 6 *Ga. App.* 9, 11 (64 S. E. 116) ; *Wrightsville & Tennille R. Co.* v. *Vaughan*, 9 *Ga. App.* 371 (2), 375 (2) (71 S. E. 691) ; Civil Code (1910), § 5631.

3. The plaintiff having failed to avail himself of the opportunity given him to cure the defect set forth by the demurrer, the court did not err in dismissing the petition, and it is unnecessary to deal with the other grounds of the demurrer.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 12, 1927.

Complaint on insurance policy; from Chatham superior court —Judge Meldrim. January 4, 1927.

*John E. Schwarz, Kravitch & Wiseman,* for plaintiff.

*Lawton & Cunningham,* for defendant.