23223.  DOWDELL, next friend, *v.* CENTRAL OF GEORGIA
RAILWAY CO.

DECIDED OCTOBER 6, 1933.

*Jesse J. Bull, Jared J. Bull,* for plaintiff.

*B. F. Neal, H. A. Wilkinson, Henry Wilkinson,* for defendant.

GUERRY, J.  James Dowdell, as next friend to Henry Ellis, Charlie Ellis and Carrie Ellis, brought suit against the Central of Georgia Railway Company, for damages, because of the homicide of the plaintiff's father.  The injury which caused his death occurred on the 11th day of October, 1932, and suit was filed on the 14th day of October, 1932.  Process in the above suit was served on the defendant railroad company on the 17th day of October, 1932.  Thereafter, on the 10th day of December, 1932, the defendant was placed in the hands of a receiver by the judge of the United States district court for the southern district of Georgia.  Plaintiff thereupon, on the 1st day of March, 1933, brought a petition to the judge of the superior court, in the county where the suit was pending, to make the receiver a party to the suit.  The judge issued a rule nisi on the same day, requiring the receiver to show cause why he should not be made party to the suit.  The receiver demurred orally to the petition and objected to being made a party to the suit; which objection, on the 8th day of April, was sustained and the petition dismissed.  The only question presented for decision here may be stated thus:  Can the receiver of a railroad corporation be made party to a suit for damages against the corporation where it was instituted and the injury occurred before his appointment as such?  We think the question presented is well settled by decisions of this court and of the Federal court, and needs no extended discussion.  In the case of *Bugg* v. *Lang,* 35 *Ga. App.* 704 (134 S. E. 623), it was said:  "With reference to suits against receivers appointed under Federal authority, however, the statutes

of the United States are paramount and govern the extent and scope of the liability to suit of a receiver appointed by the Federal courts, and are not governed or circumscribed by State legislation." Section 66 [U. S. Comp. St. 1916, § 1048] reads as follows: "Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction *of his* (italics ours) in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed, so far as the same may be necessary to the ends of justice." This section was enacted for the purpose of subjecting receivers to suit in respect of any act of theirs in carrying on the business, and so that the business shall be carried on by such receivers with as much regard for the safety and protection of the rights of others as would be required of the owners of the property (see, in this connection, Sullivan *v.* Hustis, 237 Mass. 441); but this section did not restrict the power of the Federal court to preserve property in its custody from external attack and does not subject receivers to suits for acts occurring before their appointment. The question here involved was expressly decided in *Harrell* v. *Atkinson,* 9 *Ga. App.* 150 (70 S. E. 954), the first headnote being as follows: "A receiver of a corporation, without the permission of the court which appointed him, can not be sued for any acts of negligence of the corporation prior to his appointment as receiver." Russell, J., in the opinion said: "Where permission of the court is obtained to sue a receiver, the permission may, of course, extend to causes of action primarily against the corporation of which he is receiver, as well as to causes of action against him for acts done by him in the operation of the business; but, on the other hand, in this State as well as in actions in the Federal courts, the right to sue without obtaining the permission of the court is confined to those cases in which the cause of action is dependent upon the conduct of the receiver, subsequent to the receivership. . . It will be observed that neither the State laws nor Federal statutes extend the exception to the general rule any further than to injuries committed by the receiver or his agents during his administration of a railroad. Consequently, where it appears, as in the present instance, that the

injury of which complaint is made occurred prior to the receivership, and there was no allegation that the court which appointed the receiver had authorized the suit, the action could not be maintained.. 'The receiver of a railway company is not liable for damages for personal injuries suffered prior to his appointment, and he is therefore not a proper party to an action brought for the recovery of such damages.' High on Receivers, 540."

We think that in order for the receiver to be made a party to this suit, permission must be had from the court appointing him. Nothing herein ruled is in conflict with the cases of *Atkinson* v. *Kries,* 140 *Ga.* 52 (78 S. E. 465); *Munson* v. *Houser,* 9 *Ga. App.* 346 (71 S. E. 595); *Atkinson* v. *Dismuke,* 11 *Ga. App.* 521 (75 S. E. 835), or *Ball* v. *Mabry,* 91 *Ga.* 781 (18 S. E. 64), but our ruling is harmonious therewith.. The first three cases cited show on their face that the injury sued for occurred after the appointment of the receiver. The record in the *Ball* v. *Mabry* case, on file in the clerk's office, reveals that the injury there sued for also occurred subsequent to the receivership. The court did not err in dismissing the petition to make the receiver a party to the suit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*