### 39967. MAULDIN v. PATTEN.

EBERHARDT, Judge. G. A. Mauldin brought suit for damages against Bob Patten, doing business as Bob Patten Construction Company, alleging the destruction of a bridge on the Old Federal Road crossing the Etowah River when Patten's heavy road machinery crossed it, that the bridge has not been replaced and that access to his 300 acre farm by way of the Old Federal Road has been destroyed resulting in several items of damage including, inter alia, a diminution in value of $30 per acre of his farm. To the sustaining of a general demurrer he excepts. *Held:*

One whose means of egress from and ingress to his property abutting on a public highway is illegally and unnecessarily interfered with by the placing of obstructions therein and who suffers a special injury different in kind from that suffered by the public at large has a cause of action therefor, and this is true although the obstruction of the road and interference with the use thereof may constitute a public nuisance. *Barham v. Grant,* 185 Ga. 601 (7) (196 SE 43). That some others may sustain like damage is not controlling, for to varying degree it must be obvious that others who may own lands abutting the highway in the vicinity of the obstruction may also suffer a special damage not shared by the general public who merely travel the highway.

Depreciation in the market value of land which results from the obstruction is a special damage. *Atkinson v. Kreis,* 140 Ga. 52 (2) (78 SE 465). Interference with ingress and egress to one's property because of an obstruction may depreciate its value, *Coker v. Atlanta, K. &c. R. Co.,* 123 Ga. 483 (3) (51 SE 481), and the possibility of other or more circuitous access, while not preventing a recovery, may be considered in determining whether the value has been diminished. *Louis-*

*ville &c. R. Co. v. West End &c. Co.*, 135 Ga. 419 (5) (69 SE 564). Other items of special damage may appear. *Brunswick &c. R. Co. v. Hardey & Co.*, 112 Ga. 604 (37 SE 888, 52 LRA 396).

Destruction of a bridge or making it impassable constitutes an obstruction of the road. Bembe v. Anne Arundel County, 94 Md. 321 (51 A 179). And see *Code* §§ 72-104, 105-1401, 105-1410.[1]

Whether any of the other items of damage sought to be recovered are of a special nature, and if so, whether they be remote or speculative is not now before us. The petition was sufficient as against a general demurrer.

*Judgment reversed. Felton, C. J., and Russell, J., concur.*

DECIDED MARCH 6, 1963—
REHEARING DENIED MARCH 29, 1963.

*Lewis, Lewis, Whaley & Cagle, T. J. Lewis, Jr.*, for plaintiff in error.

*Greene, Neely, Buckley & DeRieux, John D. Jones, Homer A. Houchins, Jr.*, contra.

---

[1]*Code* § 95-601 provides: "If any person shall alter, or cut any ditch across, any public road *or alter the location of any bridge, or make any new bridge necessary by his act,* without first obtaining an order therefor, he shall be liable for all damages any person may sustain thereby." (Emphasis supplied.) However, this probably refers to an intentional rather than a negligent act.