JONES *vs.* WILLIAMS *et al.*, commissioners.

1. Where the tenants of a land owner placed a fence across a public road which ran through the land, but the owner did not claim the right to close the road, but exercised the privilege in subordination, and not adversely, to the right of the public, the lapse of from six to seven years furnished no reason for enjoining the road commissioners from removing such obstruction.

2. The abandonment of a public highway by mere non user does not work a forfeiture of the right to its use. An existing public road cannot be discontinued without the order of the ordinary or county commissioners, where there are such commissioners, based upon application and notice, and duly registered in the proper office.

3. The corporate authorities of the town of Rockmart, it seems, had no jurisdiction over this road. If they had, they took no action to discontinue it. The opening of a more direct road by them had no such effect, nor does it appear to have been so intended.

April 3, 1883.

County Matters. Roads and Bridges. Easements. Prescription. Before Judge Branham. Polk Superior Court. August Term, 1882.

To the report contained in the decision, it is only necessary to add, in connection with the third division thereof, that part of the public road, the use of which had been discontinued, was within the town of Rockmart, and part without, and it appeared from the evidence that a new street had been opened by the corporate authorities, and thereupon the old road had ceased to be worked or used, and a fence had been put across it.

A. T. Williams; Blance & Herbert, by brief, for plaintiff in error.

I. F. Thompson; E. N. Broyles, for defendant.

Hall, Justice.

This bill sought an injunction and decree against the road commissioners to restrain them from removing obstructions from a public highway. It appears, from the facts in the record, that the road ran over lands to which the complainant held a title in fee, and had been used as a public road for forty years before any attempt had been made to close it up; that this use had ceased for some six or seven years; that there had been a fence across it about that length of time; that it was not obstructed by the

complainant, but, perhaps, by his tenants; that complainant had not directed the obstructions, and there had never been an order of the proper authorities to discontinue the use of the road.

On the hearing of the case, the complainant testified that "he had never ordered the old road closed, and never claimed the right to keep it closed, and if he had been urged to open it, would have made no objection until after the lane fence was removed. The lane fence was removed at no particular time, but was moved at piece meals. There was no order of court, so far as he knew, to close the road." When the testimony had closed, the defendants moved to dismiss this bill, because it was shown that the complainant did not hold the easement by adverse possession under claim of right, and that the mere abandonment of the road by non-user and failure to work it was not a forfeiture of the right of the public to its use as a highway.

This motion was sustained, and the bill dismissed.

1. So far from claiming the right set up in the bill to close this road, the evidence plainly shows that complainant exercised it in subordination to, and not adversely to, the right of the public, and that his suit for this reason was without any foundation to rest upon. Code, §2769, and cases cited thereunder.

2. That abandonment of a public highway by mere non-user does not work a forfeiture of the right to its use, is evident from our legislation upon the subject. An existing public road cannot be discontinued without the order of the ordinary or county commissioners, where there are such commissioners, passed upon application and notice, and duly registered in the proper office. Code, §§603 to 608 inclusive.

3. The corporate authorities of the town of Rockmart, it seems, had no jurisdiction over this road, and even if they had, they never took action to discontinue it; the opening of a more direct road by them, certainly had no

such effect, nor does it appear that they thereby intended that it should. In any view that we are able to take, the court below did not err in dismissing the bill at the hearing.

Judgment affirmed.