COTTING *et al. vs.* CULPEPPER *et al.*

Under the code, whenever a new road is to be established or an old one to be altered, the county commissioners must appoint three road commissioners to report whether they find it of public utility; and if so, they must mark out the road, and make their report under oath. Where, upon a petition to alter an old road, under §604 of the code, the commissioners appointed recommended a discontinuance of a portion of the old road, provided the property owners on the east side thereof should open a street through their property so as to give access to another street, but there was no report as to the utility of the road, or showing that they had marked it out in accordance with law, and thereupon the county commissioners adjudged that a portion of the old road should be discontinued, provided one of the petitioners would give forty feet off his land in line with a certain street so as to extend it to another, such judgment was not legal. It neither marked out the new road, or new part of the road, nor required this to be done. Nor did it absolutely alter the road, but made this conditional upon the action of a property owner. A *certiorari* to such a judgment should not have been dismissed.

(*a*) While it is perhaps true that the county commissioners are not bound to follow the recommendation of the road commissioners, but may, in their judgment, adopt a different scheme or plan from that reported, if they should do so, they should, in their judgment or order, provide that the new road, or new part of the road, should be marked out, so that it might go upon the records of the county, and should show by their order where the new road should run.

October 25, 1887.

County Matters. Roads. Streets. Before Judge MAR-SHALL J. CLARKE. Fulton Superior Court. March Term, 1887.

Reported in the decision.

HILLYER & BRO., for plaintiffs in error.

HOPKINS & GLENN, for defendants.

SIMMONS, Justice.

It appears, from the record in this case, that Culpepper and others applied to the county commissioners of Fulton county to alter an old road in that county, as provided by section 604 of the code.   Upon the petition being filed, an order was issued by the county commissioners to three road commissioners to make a report, as required by said section.   The report was made, recommending a discontinuance of a portion of the old road, provided the property owners on the east side should open a street not less than thirty-five feet wide through their property, so that the owners of land on the old road could have direct access to Peachtree street. ' Notice was also given to the parties in interest, as required by the code.

The case coming on to be heard, testimony was introduced by the applicants and by the objectors.   Among other things introduced by the objectors, was an amended report of the road commissioners, stating that, upon reflection and after consultation with others, they recommended that the old road be not altered or any part of it discontinued.   After hearing the evidence in the case, the county commissioners rendered the following judgment:

" That said road should be discontinued from Poplar street south of its junction with new Peachtree street; provided the petitioner, J. W. Culpepper, would give forty feet off his land, and in line with Poplar street, so as to extend said Poplar street to said new Peachtree street."

To this judgment the objectors excepted, and filed their *certiorari* to the superior court, which writ was sanctioned by the judge.   Upon the hearing of the writ of *certiorari* in the superior court, the judge dismissed the same and

affirmed the judgment of the county commissioners; to
which ruling of the judge the objectors filed their bill of
exceptions, and assigned as error, among other grounds, that
" it was not competent for said commissioners, under the
law, to make said change, except upon the same being
marked out and returned under oath by the road commis-
sioners to whom the matter was referred, in accordance
with the code."

We think the court erred in dismissing the *certiorari.*
Under the code, whenever a new road is to be established
or an old one to be altered, the county commissioners must
appoint three road commissioners to report whether they
find it of public utility; and if so, they must mark it out
and make their report under oath to such commissioners.
In this case, the only legal report made to the county com-
missioners was one simply to discontinue the old road.
There was no report made by them recommending the
utility of the road, or that they had marked it out in ac-
cordance with law. It is perhaps true that the county
commissioners are not bound to follow the recommenda-
tion of the road commissioners, but may in their judgment
adopt a different scheme or plan from that reported by the
commissioners. If they should adopt another plan and
alter an old road, in their judgment or order altering the
same, they should provide that the new road or new part
of the road should be marked out, so that it might go upon
the records of the county and show by their order where
the new road should run.

In this case, the county commissioners did not adopt the
report of the commissioners altogether, nor did they pro-
vide in their order or judgment that the metes and bounds
and length of the road should be marked out. Nor did
the report of the road commissioners say that they had
marked it out according to law. The judgment rendered
by the county commissioners was a conditional judgment,
that the road should be altered, provided Culpepper would
give forty feet of his land in line with Poplar street. It

did not even specify in what time Culpepper was to signify his acceptance of the condition of the judgment. So it depends altogether on the will of Culpepper whether the road shall be altered or not, and not upon the judgment rendered by the county commissioners. If Culpepper should refuse to give forty feet of his land, then the legal effect of that judgment would be that the road would not be altered. If he should give forty feet of his land, then there is no record showing the metes and bounds of said road.

For these reasons, we think the court erred in dismissing the *certiorari*, and we therefore reverse the judgment.

Judgment reversed.