### HUFF *v.* DONEHOO *et al.*   (two cases.)

1. Persons through whose land a proposed new public road will not run are not entitled to the written notice prescribed in section 522 of the Political Code.

2. Owners of realty abutting upon an existing public road are not entitled to damages alleged to have been occasioned by the establishment of a new public road which does not touch their premises; and this is true though the order for laying out the new road may have been granted upon an application for an alteration of an old road, if as matter of fact the portion of the latter running by or through the property of such owners is by the express terms of such order left open and provision is therein made for keeping the same in repair.

3. Whether or not the law is strictly followed by county authorities in establishing a new public road is a matter of no concern to persons who merely seek as "injured property owners" to obtain damages alleged to have been thus occasioned, and who do not appear as taxpayers endeavoring to keep such authorities within the bounds of their legal duties.

Argued December 9, 1899. — Decided January 29, 1900.

Certiorari.   Before Judge Lumpkin.   Fulton superior court. March term, 1899.

*W. J. Speairs* and *E. M. & G. F. Mitchell*, for plaintiffs in error. *Rosser & Carter*, contra.

LUMPKIN, P. J.   These cases were argued together, and will be disposed of in like manner.   Without setting forth the facts embraced in the voluminous records in which the few material questions are buried, we will simply remark that we have unearthed them and that our rulings thereon are stated in the headnotes.

1. When proceedings are had by county authorities for opening a new road, the only persons entitled to the written notice prescribed by section 522 of the Political Code are those "re-

siding on land which such road goes through," who are not applicants therefor, and their overseers or agents.    This is what the section plainly says, and its manifest object is to give owners of realty whose property is to be taken for a new road a fair opportunity to present their claims for damages, if they desire to do so.    Even if other persons are in any way injuriously affected by the establishment of a new road, the law does not contemplate that they shall have the notice provided for in this section.

2. Landowners whose premises abut upon an existing public road are not, in legal contemplation, entitled to damages because of the establishment of a new public road which does not touch their lands, if the old road be left open and provision be made for keeping it in repair.    Were it otherwise, there would be, in many if not in most instances, great difficulty, expense, and embarrassment in opening a new road, however much the public necessities might demand it.    It makes no difference that an application to the county authorities may pray for an "alteration" of an old road, if in fact the action taken thereon be as above indicated.    The result in such a case is really the establishment of a new road with no discontinuance of the old one.    The law is not much concerned about forms or names.    It looks to the substance of things and the results accomplished. It is true that in *Ponder* v. *Shannon*, 54 *Ga.* 187, it was held that "the alteration of an old road involves the discontinuance of that part thereof which is altered."    This may be strictly true, but if an application for "alteration" actually results in the establishment of a new road under an order expressly providing that a specified portion of the old road shall *not* be discontinued, there is certainly no discontinuance as to that portion, and the landowners whose property abuts upon it are not, in a legal sense, injured.    In *Cotting* v. *Culpepper*, 79 *Ga.* 792, the order of the county commissioners actually contemplated a discontinuance of a part of the old road, and therefore, as to the question we have just been discussing, the case is not in point.    It is, however, at least persuasive authority for the proposition that "the county commissioners are not bound to follow the recommendation of the road commissioners, but may, in their judg-

ment, adopt a different scheme or plan from that reported," that is, may decline altogether to alter, but, instead, establish a new road for a given distance and leave the old one intact. If every landowner could claim damages for a diminution in the market value of his property, incidentally occasioned by the laying out of a new public road which merely attracted travel from the road running by or through his land and which was itself kept open as before, endless and grievous burdens would be imposed upon our taxpayers. To allow such damages would be stretching the constitutional clause prohibiting the damaging of private property for public purposes without compensation to an extent never dreamed of by the wise men who framed our organic law.

3. Even if the provisions of the code were not strictly followed in the present instance, it was a matter of no concern to the plaintiffs in error. They were not seeking as taxpayers to keep the county commissioners within the bounds of their legal duties, but in the capacity of "injured property owners," as alleged, were endeavoring to obtain damages which they claimed they had sustained for the public good. They were not entitled to such damages, and therefore had no right to complain of the action taken by the county commissioners. See, in this connection, *Keen* v. *Waycross*, 101 *Ga.* 588, 592.

*Judgment in each case affirmed. All the Justices concurring.*