## MALLORY v. MORGAN COUNTY.

Where proceedings were taken by the authorities of a county for the purpose of condemning a right of way for a public road through a tract of land, and it appeared that this was in pursuance of an alteration in the road, and that the old road passed near the residence located on the land, while the new road, or new portion of the road, would also pass through the same tract, but at some distance from such house; and where the evidence indicated that the old road was to be abandoned, in assessing the consequential damages such abandonment and the attendant results upon ingress to and egress from the residence and upon the value of the property were proper for consideration in determining whether the market value of the land would be diminished.

Submitted February 10,—Decided August 13, 1908.

Appeal. Before Judge Lewis. Morgan superior court. June 19, 1907.

The commissioners of roads and revenues of Morgan county gave notice to Mallory and the Bank of Madison, which was alleged to hold a security deed to the property involved, for the purpose of condemning a strip of land about 35 feet wide by 600 feet long, extending through the land of Mallory, for a roadway "around the hill upon which the former home of said Mallory is built." The proceeding was commenced under the Civil Code, § 4657 et seq. Assessors were duly named, and awarded in favor of the applicant the sum of $20 for the land to be taken, $5 for the cotton which would be destroyed in taking it, and for consequential damages $50, making a total of $75. From this award Mallory entered an appeal to the superior court. The commissioners of roads and revenues paid into the hands of the clerk of the superior court the amount awarded by the assessors. On the trial of the case thus appealed, the jury found in favor of the appellant the sum of $15.32. He moved for a new trial, which was denied, and he excepted.

*E. W. Butler* and *S. H. Sibley,* for plaintiff in error.

*Q. L. Williford* and *George & Anderson,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

The controlling question in this case is whether the judge erred in laying down the rule to guide the jury in measuring the damages of the landowner. The road involved in the controversy formerly ran near the house and improvements upon the land. It would seem, from what appears in the record, that the commissioners of roads and revenues determined to alter the road, so that it would

pass around the hill, leaving the residence located on the plaintiff's land some distance away. In doing this they required a right of way extending through the same general tract of land. The proceedings to alter the road were not introduced in evidence, and we can only surmise what they were, or whether they were due and lawful, from references to the matter in the parol testimony. Generally a petition to alter an old road for a portion of its length, so as to place it in a new location, involves the discontinuance of the original portion thus altered; and, under a citation to alter a road, it has been held competent to discontinue the part of the old road which is rendered unnecessary by the alteration. *Ponder* v. *Shannon*, 54 *Ga.* 187. The county commissioners are not compelled in all cases to abandon a part of an old road because they may condemn a new way between certain points on its route. Sometimes they have expressly declared that both the old and the new roadway should be kept open and in proper repair. But generally the alteration contemplates the abandonment of a portion of the old road. The evidence here was sufficient to authorize the jury to infer that the alteration, including both the opening of the new way and the simultaneous abandonment of the old one through the land was contemplated. This being so, the question arises as to whether the abandonment of a part of the old road and the establishment of the new roadway at some distance from the residence on the land was a matter which the jury could consider in determining whether such a change caused damage or benefit to the land. The trial judge was correct in the opinion which he entertained that the only consequential damages which could be recovered by the landowner, in addition to the value of the strip to be taken for the new road, and on account of the direct damage to property, were pecuniary damages lessening the market value of his land. Mere matters of choice, or inconvenience, or the mere fact that the house would be left some distance from the road in its new location, and that it could not be as readily seen by those traveling the road, or that travelers could not be as readily seen from the house, would not per se authorize a recovery of damages. But the location of the residence, the mode of ingress and egress to and from it, convenience of access to different parts of the property, and all the circumstances disclosed by the evidence as to the location and construction of the road, and its effect on the property, furnish legitimate

matter for the consideration of the jury as bearing upon whether the value of the land was diminished by the alteration and relocation of the road passing through it. Land on a public road may be worth more than if it were some distance therefrom. Accessibility or inaccessibility may fairly be taken into account in passing upon value. The opinions of witnesses differed very widely as to whether and in what way the land would be affected in value by the alteration in the road. Physical facts of the character referred to might have been considered by the jury, in connection with the testimony of the witnesses, and might have added weight to the opinion of one or another.

In *Huff* v. *Donehoo*, 109 *Ga.* 638 (34 S. E. 1035), it was held that owners of realty abutting upon an existing public road are not entitled to damages alleged to have been occasioned by the establishment of a new road which does not touch their premises; and that this is true though the order for laying out the new road may have been granted upon an application for an alteration of an old road, if as matter of fact the portion of the latter running by or through the property of such owners is by the express terms of such order left open and provision is therein made for keeping the same in repair. In the opinion it was said that "If every land-owner could claim damages for a diminution in the market value of his property, incidentally occasioned by the laying out of a new public road which merely attracted travel from the road running by or through his land and which was itself kept open as before, endless and grievous burdens would be imposed upon our taxpayers. To allow such damages would be stretching the constitutional clause prohibiting the damaging of private property for public purposes without compensation to an extent never dreamed of by the wise men who framed our organic law." There is a wide difference between claiming damages merely because a new road is opened, which may attract the public to travel along it rather than along the old road, and removing a road from one part of a tract of land to another, by opening a new roadway through it by condemnation, and abandoning the old one. Moreover in the decision in *Huff* v. *Donehoo*, supra, the headnote and opinion both mention the fact of the keeping open of the old road as well as the new one, in that case.

The Political Code, § 520, declares, that, on application for any

new road or alteration in an old road, the ordinary shall appoint three commissioners to report upon its utility and mark it out. Section 522 provides that written notice shall be given to all persons, their overseers or agents, residing on land through which such road passes, except the applicants for the road or alteration, "that they may put in their claim for damages or be forever after estopped." The proceeding before us is based on the act of 1894 (which has been codified in §4657 et seq. of the Civil Code). The caption of that act was, "to provide a uniform method of exercising the right of condemning, taking, or damaging private property." No question was distinctly raised or argued before us by counsel as to the form of procedure, nor as to what effect the passage of the act of 1894 and that of 1900 (Acts 1900, p. 66) had upon the prior law, which still remains in the Political Code of 1895, §§522, 557. Nor was any question raised as to whether, in the proceeding to alter the road, a claim of damages should be filed in a case like this. The Civil Code, §4675, declares that the assessors appointed under it shall assess the value of the property taken or used, or damage done, and shall also assess the consequential damages and consequential benefits. If the laying out of and taking land for the new part of the road and the concurrent abandonment of the old part is substantially a single act affecting the same tract of land, all the results of that act working benefit or injury to the market value of the land should be considered. It would be unjust, as against the claim of consequential damages, to take into view the greater accessibility and general benefit to the land, which the new road may give, but to decline to consider that the reverse might be true because of the effect on an important part of the land where the houses or improvements were situated. This would practically apply one rule in favor of the county authorities and another against them.

Whether the vacation of a public road alone furnishes ground for damages in favor of an owner of property abutting on that part of it which is to be vacated has produced conflicting views on the part of text-writers and courts. Some of the decisions may be reconciled by a reference to the difference in the language of the statutory or constitutional provisions in force in the jurisdictions where they were rendered. Some are irreconcilable. Some seek to draw a distinction between a street in a town or city,

and a highway in the country, while others declare that, as to constitutional or statutory provisions establishing a right to damages, there is no such legitimate distinction. On the general subject compare Elliott on Roads and Streets (2d ed.), §§871, 877 and citations; 15 Am. & Eng. Enc. Law (2d ed.), 402 and citations. In this State see Civil Code, §5729; Political Code, §341; *Smith* v. *Floyd County,* 85 *Ga.* 420 (11 S. E. 850); *County of Monroe* v. *Flynt,* 80 *Ga.* 489 (6 S. E. 173); *White Star Line Steamboat Co.* v. *County of Gordon,* 81 *Ga.* 47 (7 S. E. 231); *Millwood* v. *DeKalb County,* 106 *Ga.* 743, 747 (32 S. E. 577); *Barfield* v. *Macon County,* 109 *Ga.* 387 (34 S. E. 596); *Harris County* v. *Brady,* 115 *Ga.* 767 (42 S. E. 71); *Langley* v. *City Council of Augusta,* 118 *Ga.* 599 (45 S. E. 486, 98 Am. St. R. 133); *Howard* v. *County of Bibb,* 127 *Ga.* 292 (56 S. E. 418); *Marietta Chair Co.* v. *Henderson,* 121 *Ga.* 399 (49 S. E. 312, 104 Am. St. R. 156). The case before us does not require a decision of this question. It was not a case of the vacation of a highway or part of a highway, disconnected from any taking or condemning, but a change of location of a roadway from one part of a tract of land to another. Land was to be condemned; the question of damages, both direct and consequential, was involved; the depreciation or non-depreciation of the market value was to be determined. The jury should have been allowed to consider all the elements necessary for that purpose.

We see no force, however, in the suggestion that the consequential benefit to the entire property, which may arise from such a change, should not be considered in connection with consequential damages which may accrue to a part of the property. It is the effect on the value of the property, not merely a part of it, which is to be considered. We think the court restricted the jury too closely on this subject. He informed them that "To constitute such damages [referring to consequential damages] it must appear that the injury or damage resulting therefrom was directly and proximately caused by the opening of the road and nothing else." The last expression, "by the opening of the road and nothing else," might have led the jury to believe that the property owner had no right to damages which might arise from abandonment of the old road in connection with the opening of the new one, whether or not it affected the mode of ingress to and from

the residence, or depreciated the value of the property. Again, he stated to the jury that "The county had a right to abandon the old road and to open the new road, and any inconvenience or trouble that might result to the owner of the land, growing solely out of the abandonment of the old road, would not be an element. of damages recoverable in this case."

We see no error in the various other rulings complained of in the grounds of the motion for a new trial, which would necessitate a reversal.          *Judgment reversed.*  *All the Justices concur.*