*S. D. Dell,* contra.

---

### 13824.   SHELLNUT *v.* CARROLL COUNTY.

1. An owner of realty abutting upon an existing public road is not entitled to damages from the county because of the establishment of a new public road not touching his premises, if the old road is not "discontinued."  *Huff* v. *Donehoo,* 109 *Ga.* 638 (2) (34 S. E. 1035). See also Civil Code (1910), § 644; *Jones* v. *Williams,* 70 *Ga.* 704 (2); Civil Code (1910), § 5441.

2. "A general assignment of error upon an excerpt from the judge's instruction brings under review only the abstract correctness of the legal principle therein contained, and not its applicability to the facts of the case."  *Frank* v. *Adams,* 144 *Ga.* 270 (2) (87 S. E. 3); *Cen-*

tral of *Georgia Ry. Co.* v. *Bond,* 111 *Ga.* 13 (8) (36 S. E. 299); *Jones* v. *State,* 135 *Ga.* 357 (6) (69 S. E. 527); *Robinson* v. *Rothchilds,* 10 *Ga. App.* 237 (1) (73 S. E. 554). See also *Wall* v. *Hawker Pottery Co.,* 27 *Ga. App.* 255 (2) (108 S. E. 134). If the instruction here excepted to was not abstractly correct, the error was not harmful to the party complaining.

3. "When a portion of a charge, which is complained of generally, contains several distinct propositions and one or more of the same is correct in the abstract, then the general assignment of error is not good and will not be further considered, because it in effect improperly alleges that all of such portion is erroneous, and does not show to which of the propositions, the correct or the erroneous, it is intended to take exception." *Anderson* v. *Southern Railway Co.,* 107 *Ga.* 500 (4 *c*) (33 S. E. 644).

4. The verdict in favor of the defendant was warranted, and there was no error in the overruling of the motion for a new trial.

DECIDED APRIL 17, 1923.

Action for damages; from Carroll superior court — Judge Roop.

*Eugene Spradlin, Raymond Robinson, S. Holderness,* for plaintiff.

*James Beall,* for defendant.

BELL, J. G. W. Shellnut sued Carroll County for damages. His petition alleges, that he is the owner of a tract of land of which a certain public road is the eastern boundary and upon which his residence is located a short distance west of the road; that the county has cut out, graded, and opened a new road about 100 yards east of the old road and abandoned the old road; that the new road leaves the old road about 500 yards south of plaintiff's residence and comes back into it about 130 yards north of his residence; that "the old road has not been closed but has been practically abandoned by the traveling public;" and that he has been forced to work and use the old road as a means of ingress and egress to and from his farm; that the traveling public has abandoned the old road and the county has not worked it since the new one was built; that there is no way from the new road into plaintiff's property or from his residence into the new road except through intervening woods or by traveling along the old unworked road some distance to the new one; that by reason of these facts petitioner's property depreciated in value to the extent of $2,000; and damages were sought in this sum. The trial resulted in a verdict in favor of the county. The plaintiff filed a motion for a new trial, which after amendment was overruled, and he excepted.

1. It was held in the case of *Huff* v. *Donehoo,* 109 *Ga.* 638 (2) (34 S. E. 1035), that the mere creation of a new road for use in lieu of an old road will not give a right of action for damages to the owner of realty abutting upon the old road, if the latter is not discontinued. A public road can be discontinued only in the manner prescribed by law. Civil Code (1910), § 644; *Jones* v. *Williams,* 70 *Ga.* 704 (2) ; *Mariella Chair Co.* v. *Henderson,* 121 *Ga.* 399 (49 S. E. 312, 104 Am. St. Rep. 156, 2 Ann. Cas. 83). Until a road has thus been discontinued, the remedy of one aggrieved is not an action for damages, but the writ of mandamus to require its repair. Civil Code (1910), § 5441; *Elbert County* v. *Swift,* 2 *Ga. App.* 47 (58 S. E. 396). The evidence authorized a finding that the old road had never been discontinued, nor even absolutely abandoned, and under the principle announced in *Huff* v. *Donehoo,* supra, the verdict in favor of the county was warranted.

2, 3. Only one ground was added by amendment to the original motion, and in this it was assigned that " the trial judge erred in the following charge to the jury: ' Carroll County had a right to build a new road over other land than that of petitioner, although the new road may not touch petitioner's land, and if the county did that, then, and left the road open and did not abandon the old road which led by the property of the plaintiff, described in the petition, on which that property abutted,— if that is the truth about it, if that is what the county did, then the plaintiff in this case would not be entitled to recover anything. Now, if you find, from the evidence in this case, however, that Carroll County created a new road and at the same time abandoned the old road on which plaintiff's property described in the petition abutted, and it was a simultaneous act, the creation of the new road and the abandonment of the old road, if that is the truth about it, according to the evidence in this case, and that the plaintiff has shown that is true by a preponderance of the testimony, then the plaintiff would have a right to recover in this case whatever consequential damage he may have suffered by reason of the construction of the new road and the abandonment of the old road.' " It was said by the Supreme Court in *Anderson* v. *Southern Railway Co.,* 107 *Ga.* 500 (4 *c*), 511 (33 S. E. 644) : " According to numerous decisions of this court, the rule is, that a

general exception to an extract from the charge makes the simple question whether the whole extract is erroneous; and unless the whole of it be illegal, the exception must specifically point out the illegal part, otherwise it can not be ascertained whether the party is complaining of the part that is sound or of that which is erroneous." In the exception it is not pointed out wherein the charge quoted above was erroneous, or if erroneous, how it adversely affected the plaintiff. It is not contended that the first portion of this charge was error. The insistence in the brief of counsel that the latter part was objectionable in placing an undue burden upon the plaintiff,— namely, in requiring him to show that the creation of the new road and the abandonment of the old road were simultaneous,— is not made in the assignment of error, which, under the rules set forth in the second and third headnotes and the authorities cited, cannot be considered.

4. No error prejudicial to the plaintiff appearing, and there being some evidence in support of the verdict in favor of the defendant, the court did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*