18636. FENDER *et al. v.* HODGES.

DECIDED APRIL 10, 1928.

*Little & Dickerson,* for plaintiff in error.

*F. S. Harrell, E. K. Wilcox,* contra.

LUKE, J. This case arose in a contest as to the priority of the respective claims of the parties to funds arising from the sale of described land, Mrs. M. A. Hodges (the plaintiff in the trial court, but now the defendant in error) claiming under an unrecorded bond for title which, as security for a loan, had been transferred to her by J. L. Roberts, A. T. Woodward, and L. S. Roberts (who took it from J. W. Lovejoy and J. H. Baskins, the original owners of the land), and the plaintiffs in error claiming under a security deed to Harry L. Winters Inc. from J. L. Roberts, one of the obligees in the bond for title, which deed, after several transfers to others, was finally transferred to the plaintiffs in error. Upon an agreed statement of facts the case was submitted to the court, to be tried without the intervention of a jury, and the court held that the claim of Mrs. Hodges was superior to that of the plaintiffs in error.

The substance of the agreed statements of fact appears from the following: On January 22, 1918, J. W. Lovejoy and J. H. Baskins executed and delivered to Charles Forman a deed to certain land to secure the payment of a note for $2000. The deed was recorded March 2, 1918. On January 15, 1920, the makers of that deed executed and delivered to J. L. Roberts, A. T. Woodward, and L. S. Roberts a bond for title conditioned to make title to the said land upon the payment of certain purchase-money notes given by them for the land, and of the said Forman note. The bond for title was never recorded. J. L. Roberts entered into immediate possession of the land, and retained possession thereof until about January 1, 1927. On January 20, 1920, J. L. Roberts, Woodward, and L. S. Roberts borrowed from Mrs. M. A. Hodges $2500, giving her their joint note for it, due January 20, 1921, and transferred to her, as security for its payment, the said bond for title. This transfer was never recorded. On January 31, 1922, J. L. Roberts executed and delivered to Harry L. Winter Inc. a deed to the said land to secure a note for $5000. The security deed was not recorded until February 14, 1922. The $5000 was not actually delivered to J. L. Roberts until after the execution and delivery to him of the warranty deed next hereinafter mentioned. The security deed from

J. L. Roberts to Harry L. Winter Inc. was taken by the latter "without personal or direct knowledge of the existence of any bond for title or of the transfer" of the same to Mrs. Hodges. On February 13, 1922, J. W. Lovejoy and J. H. Baskins executed and delivered to J. L. Roberts a warranty deed to the said land, which deed was recorded March 21, 1922. On November 22, 1922, Charles Forman transferred and assigned to Continental Casualty Company the security deed and notes given him by J. W. Lovejoy and J. H. Baskins. This transfer and assignment was recorded September 29, 1923. On February 26, 1927, Continental Casualty Company transferred and assigned to Mrs. Hodges the Forman security deed and notes, and the transfer and assignment was recorded March 9, 1927. On February 18, 1922, Harry L. Winter Inc. transferred and assigned to Bennington County Savings Bank the security deed given it by J. L. Roberts; and the transfer and assignment was recorded March 14, 1922. The said bank took the security deed and the note it was given to secure and paid for the same "without any personal or direct knowledge of the existence of said bond for title or of the transfer of same." On November 6, 1926, the bank transferred and assigned to Y. F. Carter all its right, title, and interest in the notes and security deed of J. L. Roberts to Harry L. Winter Inc., and this transfer and assignment was recorded July 5, 1927. Under the agreed statement of facts, the said Y. F. Carter and W. L. Fender jointly paid for the said security deed, but in the transfer and assignment Fender's name was inadvertently omitted as one of the grantees. Just prior to purchasing the said security deed, Carter and Fender asked J. L. Roberts if there were any prior liens against the property described in the deed, and Roberts replied that there were none other than the Forman security deed. On September 6, 1927, Mrs. Hodges, as transferee of the notes and security deed given by J. W. Lovejoy and J. H. Baskins, sold the land, under the power of sale in that deed, to Fender and Carter for $7500. Prior to the said sale Mrs. Hodges and Fender and Carter entered into a written agreement whereby Mrs. Hodges should be first paid from the proceeds of the sale the full amount of her claim under the Forman security deed, "and that in the event either of the parties to said agreement should become the purchaser of said land, that the party that purchased would execute and deliver to the party that did not purchase a bond conditioned to

pay the obligee in said bond the amount of their claim in the event it should be established by proper legal proceedings that the lien claimed by the obligee was superior to that claimed by the obligor; provided the remainder of the funds arising from the sale was sufficient to pay such claim after having first paid the amount due petitioner as assignee of the Forman debt, and in the event it was not sufficient, then the bond should cover such deficiency only." This bond was given by the said Fender and Carter, with J. Floyd Fender as security. After paying to Mrs. Hodges the full amount of her claim under the Forman security deed, said W. L. Fender and Y. F. Carter had on hand for distribution $5245.36. After the transfer to W. L. Fender and Y. F. Carter of the security deed given by J. L. Roberts to Harry L. Winter Inc., Mrs. Hodges filed suit on the note given her by J. L. Roberts, A. T. Woodward, and L. S. Roberts (the said note being secured by the transferred bond for title), and procured a judgment thereon, which was never paid.

The court adjudged that Mrs. Hodges had a superior lien on the fund arising from the sale of the land to that claimed by W. L. Fender and Y. F. Carter under the Harry L. Winter Inc. security deed, and rendered judgment against W. L. Fender and Y. F. Carter as principals, and J. Floyd Fender Jr. as surety, for the full amount of principal, interest, costs and attorney's fees recovered by Mrs. Hodges in her said suit against J. L. Roberts, A. T. Woodward and L. S. Roberts.

The first conveyance of the land in question (so far as shown by the record in this case) was by security deed from Lovejoy and Baskins to Forman, dated January 22, 1918, and recorded March 2, 1918. After many deeds and transfers between various parties, this original security deed finally came into the hands of Mrs. Hodges by a transfer to her from Continental Casualty Company, dated February 26, 1927, and recorded March 9, 1927. By a contract between the parties litigant this security deed is recognized as a superior lien on the land; but reference thereto is made because it tends to show the consistency and sequence of Mrs. Hodges' title, and because Carter and Fender obtained their alleged title between the dates of these two conveyances. It is also material to note that the notes and the security deed under which Carter and Fender claim were acquired by them after maturity of the notes.

Reference to the foregoing statement of facts will show that on

January 15, 1920, Roberts, Woodward, and Roberts acquired a bond for title to the land in question, and that on January 20, 1920, they transferred this bond to Mrs. Hodges to secure a loan, and she now claims under this bond. Neither the bond nor the transfer thereof is recorded, but on the dates of the execution of the bond and its transfer there was no statute providing for the record of a bond for title or of the transfer thereof in order for it to be binding as against third persons. *Guaranty Investment &c. Co.* v. *Athens Engineering Co.,* 152 *Ga.* 598 (3) (110 S. E. 873); *McClure* v. *Smith,* 115 *Ga.* 709 (42 S. E. 53).

Carter and Fender claim as successors in title to Winter Inc., which acquired a security deed from Roberts on January 31, 1922. Since at that time there was absolutely no record of any title whatever in Roberts, ordinary diligence would have put Winter Inc. upon inquiry which would have disclosed that Mrs. Hodges was the holder of the bond for title to the said property. "Notice sufficient to excite attention and put a party on inquiry is notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, is equivalent to knowledge, in fixing the rights of the parties." Civil Code (1910), § 4530. See also *Walker* v. *Neil,* 117 *Ga.* 746 (45 S. E. 387); *Picklesimer* v. *Smith,* 164 *Ga.* 600 (2) (139 S. E. 72). However, since the claim of the plaintiffs in error comes through the deed from Roberts to Winter Inc., dated January 31, 1922, and since on that date Roberts had no title to the property nor even a right to title, he having previously on January 20, 1920, transferred to Mrs. Hodges his bond for title, Roberts had nothing to convey to Winter Inc., and Winter Inc., though it may have purchased in good faith, acquired nothing. "A purchaser in good faith from one who has no title, in ignorance of the rights of the true owner, obtains no title. He is not such an innocent purchaser as would be protected from the title of the owner." *Compton* v. *Cassada,* 54 *Ga.* 74 (2).

Under the law and the agreed statement of facts, the court did not err in holding that the lien of Mrs. Hodges upon the funds arising from the sale of the land was superior to that of the plaintiffs in error; and the judgment rendered in her favor is

*Affirmed. Broyles, C. J., and Bloodworth, J., concur.*