### 19031. GILPIN *v.* STATE HIGHWAY BOARD.

*T. N. Brown,* for plaintiff in error.   *A. S. Bradley,* contra.

Jenkins, P. J.   To a verdict rendered in the superior court, sustaining the amount of damages awarded by arbitrators in a condemnation proceeding instituted by the State highway board for a right of way through certain land, exceptions were taken by the landowner, on the grounds that the verdict was without evidence to support it, was contrary to the evidence, and against the weight of the evidence.   Certain exceptions were also taken to the refusal of the trial judge to allow answers to be given to certain questions propounded to witnesses by the plaintiff in error on direct examination.   Exception was also taken to the refusal of the trial judge to permit an answer to be given to a certain question propounded by the plaintiff in error on cross-examination.   The record with reference to the last-mentioned exception is as follows: "During the trial of this case and when A. K. Rountree, a witness for the plaintiff was under cross-examination, counsel for the defendant asked the following questions:   (*a*) 'Do you mean to say that it will benefit Mr. Gilpin's place to move the road from where it now is to where they propose to move it?', and to this question the witness answered, 'Yes, sir.   The road they propose to put through there, I think, will.'   (*b*) Question. 'Suppose they put that road through there where it now is?'"   The exception taken was to the refusal of the court to permit the witness to answer the latter question.

■   The exceptions taken to the refusal of the court to allow answers to certain questions propounded by the plaintiff in error to his own witnesses on direct examination can not properly be considered by this court, inasmuch as the assignments of error do not disclose what answers were expected, and we are, therefore, unable to do else than apply the general rule to such exceptions. *Cook* v. *Equitable Building & Loan Asso.,* 104 *Ga.* 815 (6), 830 (30 S. E. 911).   While it might readily be surmised, from certain statements of the judge as to his conception of the law governing the case, what the plaintiff in error might have hoped to be able to prove by the witnesses, the record fails to indicate an injury, in

that it fails to disclose what the answers would in fact have been. If the pronouncements of the trial judge as to the law of the case were correct, he would have been right in refusing to permit the witnesses to answer, even though the anticipated answers had been disclosed; and while the exceptions taken to the action of the judge in repelling the testimony indicated complain of these statements of the law as being erroneous, and as failing to furnish a valid reason why the testimony should have been repelled, no exception is taken to his charge, nor is the charge brought up as a part of the record, but the sole complaint, other than the general grounds of the motion, is upon the rulings of the court in refusing to permit answers to the questions propounded; and that question this court is unable to determine, since the anticipated answers are not set forth in the record.

■ The rule stated above does not apply to the exception taken to the refusal of the trial judge to allow an answer to be given to the question propounded by the plaintiff in error on cross-examination, since it can not be expected that counsel could state as fully what reply is anticipated as in case of a witness introduced by himself. *Bell* v. *Felt,* 119 *Ga.* 498 (1), 500 (46 S. E. 642); *Griffin* v. *Henderson,* 117 *Ga.* 382 (2) (43 S. E. 712); *Becker* v. *Donalson,* 133 *Ga.* 864 (67 S. E. 92); *Tillman* v. *Bomar,* 134 *Ga.* 660 (2 *a*) (68 S. E. 504); *Macon Union Co-operative Asso.* v. *Chance,* 31 *Ga. App.* 636 (2) (122 S. E. 66).

■ It is the contention of the plaintiff in error that the testimony sought to be elicted on cross-examination was relevant under the principle laid down in *Mallory* v. *Morgan County,* 131 *Ga.* 271 (62 S. E. 179), in which it was held that "where proceedings were taken by the authorities of a county for the purpose of condemning a right of way for a public road through a tract of land, and it appeared that this was in pursuance of an alteration in the road, and that the old road passed near the residence located on the land, while the new road, or new portion of the road, would also pass through the same tract, but at some distance from such house; and where the evidence indicated that the old road was to be abandoned, in assessing the consequential damages such abandonment and the attendant results upon ingress to and egress from the residence and upon the value of the property were proper for consideration in determining whether the market value of the land

would be diminished." The contention is without merit, since the purport of the question actually ruled upon was not, as in the *Mallory* case, to show the damage to the landowner by virtue of the abandonment of an existing road, but to show the superior advantage to the landowner of the old roadbed as a site for the new highway. In other words, the effort seems to have been not to show consequential damages, but to show that greater enhancement might have resulted by the adoption of the old roadbed for the new highway. As the judge properly stated, it is not for the jury or private landowners, but for the public authorities, to say where the road ought to go.

Moreover, it appears from the record, in a statement made by the trial court in passing upon the relevancy of such testimony, that the landowner was in the position of having no road at all, the judge stating that "the proper authorities have closed the old one. So he has got no road at all if he doesn't get this new one. You see by proper proceedings the county commissioners can abandon a road, and this one is abandoned." This statement, made as a basis of the ruling, was not questioned or disputed at the time, or by exceptions, and, for this additional reason the ruling in the *Mallory* case could not have application in the instant case.

■ On the disputed issues of fact, the evidence was sufficient to warrant the verdict sustaining the award.

■ Under the foregoing rulings, the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Stephens and Bell, JJ., concur.*