816

*M. W. Eason, W. T. Burkhalter,* for plaintiff.
*C. L. Cowart,* for defendants.

20865. WELLMAKER *v.* LAMAR COUNTY ADVISORY BOARD.

STEPHENS, J. 1. The county authorities can not lawfully discontinue a public road except in the manner prescribed by law, after application and notice and registration in the proper office. *Jones* v. *Williams,* 70 *Ga.* 704 (2); *Shellnut* v. *Carroll County,* 30 *Ga. App.* 200 (117 S. E. 333); Political Code (1910), §§ 636-644; *Hamilton* v. *Cooper,* 149 *Ga.* 669, 671 (101 S. E. 909). Where an old road has not been discontinued in the manner prescribed by law, and the failure of the county authorities to work it and keep it up is a damage to property owners affected, the remedy is by mandamus only, to compel the county authorities to keep up and repair the road as an established road. Civil Code (1910), § 5441; *Elbert County* v. *Swift,* 2 *Ga. App.* 47 (58 S. E. 396). While, as was held in *Ponder* v. *Shannon,* 54 *Ga.* 188, the alteration of an old road involves the discontinuance of that part of the road which is altered, and, under a citation issued as required by law to alter a road, the portion of the old road which is rendered unnecessary by the alteration may be discontinued, the discontinuance of that portion, to be legally effective, must be by order of the county authorities and registration as required by law. Where a judgment establishing a new road amounts only to an alteration of an old, established road, it is not a judgment discontinuing the old road.

2. Where after land has been condemned by the county authorities for the purpose of establishing and laying out a new road which alters an existing road, and the damages to the owner of the property have been assessed by assessors as required by law (Civil Code of 1910, §§ 5206-5227), and there is an appeal from the assessment to the superior court by either party as provided in section 5228 of the Civil Code of 1910, the burden is upon the property owner, in order to establish any consequential damage which may have been sustained by him from a discontinuance of the old road, to show that the old road has been discontinued in the manner prescribed by law.

3. Where upon the trial of such an issue it appeared from the evidence that the authorized county authorities had established the new road and that it amounted to an alteration of the old road, but where it did not appear that the old road had been legally discontinued and abandoned, the admission in evidence of what purported to be a nunc pro tunc record of an ordinance or resolution of the advisory board providing for the continuance of the old road was harmless to the property owner, and the court did not err in admitting it over objection that the record was made nunc pro tunc at a meeting of the advisory board which had not been called as provided by law.

817

4. As it does not appear from the evidence that the railroad crossings upon the old road had been abolished or abandoned as public crossings by any action of the county authorities, it was not error to refuse a request to charge that if the jury should believe that if one of the railroad crossings on the old road had been changed from a public crossing to a private crossing they would be authorized to find that the old road had been changed from a public road to a private road or had been abandoned.

5 This being a hearing on an appeal made by the advisory board of Lamar County to the superior court from an award of damages, made by assessors as provided in sections 5219-5227 of the Civil Code of 1910, to a property owner whose property had been condemned in a proceeding for the establishment of a new road through it, which had been established and laid out by the advisory board having authority so to do by virtue of a local act approved August 6, 1927, applicable to Lamar County (Ga. L. 1927, p. 617), and the evidence authorizing the inference that the damage sustained was not in an amount larger than that found by the jury, which was less than that found by the assessors, the verdict was authorized by the evidence and was not contrary to law. No error of law appears.

6. The court did not err in overruling the motion for a new trial, made by the property owner.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 16, 1931.

*H. J. Kennedy,* for plaintiff in error. *Dobbs & Dobbs,* contra.