## BARHAM *v.* GRANT.

No. 12128. FEBRUARY 19, 1938.

*Brown & Brown,* for plaintiff in error. *Ernest M. Smith,* contra.

HUTCHESON, Justice. 1. The alteration of a public road involves the discontinuance of that part of the road which is altered. *Ponder* v. *Shannon,* 54 *Ga.* 188. Therefore the allegations of the petition that the county authorities "proceeded to alter said public road by changing its course in several places, including a change in front of plaintiff's land," without publishing any notice, as against general demurrer, sufficiently alleged a failure of the county authorities to comply with requirements of publication of notice both as to the locating of the new portion of the altered road and the discontinuance of the old. Code, § 95-201 et seq.

2. The county authorities can not lawfully discontinue a public road, either in whole or in part, except in the manner provided by law, after application, and notice and registration in the proper office. Code, § 95-207; *Jones* v. *Williams,* 70 *Ga.* 704 (2); *Hamilton* v. *Cooper,* 149 *Ga.* 669, 671 (101 S. E. 909); *Shellnut* v. *Carroll County,* 30 *Ga. App.* 200 (117 S. E. 333); *Wellmaker* v. *Lamar County Advisory Board,* 43 *Ga. App.* 816 (160 S. E. 708). The abandonment of a public highway by mere nonuser does not work a forfeiture of the right to its use. *Jones* v. *Williams,* supra. Compare *Kelsoe* v. *Oglethorpe,* 120 *Ga.* 951 (48 S. E. 366, 102 Am. St. R. 138).

3. The provisions of the Code, § 95-201 et seq., in so far as they pertain to the establishment of new roads or new parts of an altered road, are merely cumulative, and not exclusive. *Penick* v. *County of Morgan,* 131 *Ga.* 385 (62 S. E. 300); *Lee County* v. *Smithville,* 154 *Ga.* 550 (115 S. E. 107); *Shore* v. *Banks County,* 162 *Ga.* 185 (142 S. E. 753). Section 95-204 of the Code of 1933 (Code of 1910, § 643), which declares that "Any proceeding to

establish a new road, or to alter or relocate an old one, shall be void unless carried out in substantial compliance with the provisions of the three preceding sections" (95-201 et seq.), did not, before the adoption of the Code of 1933, contain the words, "or to alter or relocate an old one," and the failure to substantially comply with the provisions of the section referred to did not make void the alteration, in 1932, of the old road, in so far as the new portion of the altered road was concerned. *Terrell County* v. *York,* 127 *Ga.* 166, 169 (56 S. E. 309). Therefore, in so far as the instant case is concerned, a suit by one on whose land the new portion of the altered road does not run, and who is claiming a right of egress and ingress to and from the new portion over the old portion of the altered road, and seeking to enjoin interference with such alleged right of egress and ingress by an abutting landowner, there being no allegations showing that the new portion of the altered road had not been legally established, but it being affirmatively alleged that the road was altered by the county authorities, such new portion will be presumed to have been established in one of the methods provided by law.

4. Whether or not the plaintiff, by failing to object to the alteration of the road, may be now estopped from compelling the county authorities by mandamus to work and maintain the old part of the altered road, yet where, as in the instant case, the county authorities, upon the building of the new portion of the altered road, erected a bridge crossing the ditch on the south side. of the new portion, which was the ditch on the north side of the old portion, for the plaintiff's use as a means of egress and ingress to and from the new portion, the plaintiff is not estopped, as against a landowner on whose land the new portion lies, and who is illegally and without authority obstructing and plowing up such way across the old portion to the new portion, from setting up that the old portion of the altered road has not been discontinued as provided by law, and that it is still a public road.

5. Owners of land abutting on a public highway have two separate and distinct kinds of rights in a highway. One is a public right to use and enjoy the highway in common with all other members of the public; the other rights arise from their ownership of property contiguous to the highway which does not belong to the public generally; and these rights exist regardless of whether the

fee of the highway is in such owners or not. One of these rights is an easement of access to their land abutting upon the highway. This easement includes the right of ingress, egress, and regress, a right of way from the locus a quo to the locus ad quem, and from the latter forth to any other spot to which the party may lawfully go, or back to the locus a quo; and if necessary to enable him to reach the traveled part of the road, he has the right to bridge a ditch, or construct a grade for that purpose; but in so doing he has no right wilfully to obstruct such ditch or highway, his rights as a private landowner being subordinate to the public right of construction and maintaining the highway in repair. *State Highway Board* v. *Baxter*, 167 *Ga.* 124 (144 S. E. 796), and cit.

6. In the instant case the old portion of the altered road, abutting on the plaintiff's land, and the new road being contiguous at the point where the plaintiff maintained a way of egress and ingress to and from the old road, and they both being a public highway, they are for the purposes of this case a single highway, and the plaintiff as an abutting landowner has a right of egress and ingress to and from such highway and to the most traveled portion thereof, which in this case appears to be the new portion of the altered road.

7. One whose means of egress from and ingress to his property abutting on a public highway is illegally and unnecessarily interfered with by the placing of obstructions in and the plowing up of the portion of such way lying in the highway by another, not the public authority charged with the duty of maintaining and keeping in repair such highway, suffers a special injury and may maintain an action for damages therefor against the wrong-doer, his injury being different from that suffered by the public at large, although such obstruction and interference may also constitute a public nuisance. *Brunswick & Western R. Co.* v. *Hardey*, 112 *Ga.* 604 (3) (37 S. E. 888, 52 L. R. A. 396); 13 R. C. L. 231, § 195. See Code, §§ 72-103, 105-1401, 105-1410. According to the particular case, the damages may be the depreciation in market value, if the obstruction is a permanent one (*Atkinson* v. *Kreis*, 140 *Ga.* 52 (2), 78 S. E. 465); and the damage may be that to business and loss of profits. *Brunswick & Western R. Co.* v. *Hardey*, supra. See notes in 25 Am. R. 534; 18 L. R. A. 154; 47 L. R. A. (N. S.) 821; 12 Ann. Cas. 25. Punitive damages may be recovered where

the circumstances are such as to justify the allowance thereof. Code, § 105-2002; Tutwiler Coal &c. Co. v. Nail, 141 Ala. 374 (37 S. 634, Ann. Cas. 1914C, 1135). The fact that the landowner may have a more circuitous route does not prevent the recovery of damages. L. & N. R. Co. v. West End Land Co., 135 Ga. 419 (5) (69 S. E. 564).

8. Such a landowner may also, under such circumstances, maintain a suit in equity to enjoin further interference with his means of egress to and ingress from the public highway, when such interference amounts to a continuing nuisance or trespass, and where an injunction would prevent a multiplicity of suits. Coast Line Railroad Co. v. Cohen, 50 Ga. 451; Russell v. Napier, 80 Ga. 77 (3) (4 S. E. 857); Coker v. Atlanta, Knoxville & Northern Railway Co., 123 Ga. 483 (3) (51 S. E. 481); Holman v. Athens Empire Laundry Co., 149 Ga. 345 (100 S. E. 207, 6 A. L. R. 1564); Rentz v. Roach, 145 Ga. 491 (115 S. E. 94); Ashford v. Walters, 160 Ga. 350 (127 S. E. 758); Harris v. Powell, 177 Ga. 15 (169 S. E. 355).

9. It follows that the petition in the instant case set forth a cause of action both for damages and injunction. The court did not err in overruling the general demurrer. The special grounds of the demurrer are without merit.

*Judgment affirmed. All the Justices concur.*