## COHEN *v.* COHEN.

No. 14626.  SEPTEMBER 11, 1943.

**564**

*George & John L. Westmoreland,* for plaintiff in error.

*H. W. McLarty* and *Joe Quillian,* contra.

DUCKWORTH, Justice. ■ Headnotes 1, 2, and 3 do not require elaboration.

■ One ground of the motion for new trial complains that the court erred in refusing to permit the defendant's counsel to question the plaintiff as to the condition of her health and nervous system before the date of the judgment denying her a divorce in her original action, it being alleged that the court erroneously ruled that such matter was res judicata by reason of the former judgment, and that, as the plaintiff contended and testified in the present litigation that she was a nervous wreck and her health had been damaged by the acts of cruel treatment alleged in the petition, the defendant had the right to show that the same condition existed previously to the judgment rendered in May, 1941, and thus raise an issue as to whether or not her present condition was in fact the result of the new acts of cruel treatment.

Even if the present suit had involved the same cause of action as that asserted in the former proceeding, which it does not, because the alleged right to a divorce is predicated on acts of cruel treatment different in nature and occurring subsequently to those previously declared upon, the only fact that could be said to have been adjudicated by that judgment is that no act of cruel treatment entitling the plaintiff to a divorce had been shown by the evidence. It could not be determined from that judgment that the jury found that the defendant was guilty of cruel treatment but that his misconduct failed to cause any impairment to her health and nervous system or reasonably put her in apprehension of damage to her health. Neither could it be determined merely from that judgment that, though the jury might have found that

she was in a condition of impaired health and nervous system, they found that such condition was not caused by any act of cruel treatment on the part of the husband. As stated above, the only fact determined, in so far as the judgment would show, would be that from the evidence, either lacking in proof of cruel treatment by the husband or in proof of impaired health and nervous system attributable to the misconduct of the husband, the plaintiff was not entitled to a divorce at the time of the rendition of the judgment. Hence, in refusing to permit the defendant's counsel to question the plaintiff as to the condition of her health and nervous system previously to the date of the former judgment, on the ground that such matter was res judicata by reason of such judgment, the judge clearly erred.

The ground of the motion presents a meritorious objection. While the general rule is that a ground of a motion for new trial must be complete in itself, and a refusal to allow counsel to ask a witness a certain question on direct examination can not be held error where it does not appear that the expected answer was disclosed to the judge, in which respect the ground here is wanting, a different rule applies to questions which counsel sought to ask on cross-examination. *McKoy* v. *Enterkin*, 181 *Ga.* 447 (2) (182 S. E. 518); *Gilpin* v. *State Highway Board*, 39 *Ga. App.* 238 (146 S. E. 651). The distinction is to be found in the fact that on cross-examination counsel can not be expected to announce to the court what answer an adverse witness might make, and he is entitled to thoroughly sift and examine the witness, even though he hazards an unfavorable reply. While it was testified by the plaintiff that her health and nervous system had been impaired by the described acts of cruel treatment on the part of the husband since May, 1941, when a divorce was denied on her original application, the defendant had the right to show, if he could, that previously to such date she was in the same condition and had not recovered therefrom, and thus make an issue whether or not her condition at the time of the last trial was in fact a result of the alleged cruel treatment inflicted since May, 1941, or was in all respects merely a condition which had existed theretofore. If it be said that the ground of objection does not show that the defendant's counsel proposed to go farther and elicit an answer that the plaintiff had not recovered from her previous disabilities, the reply must be that

this court can not assume that such additional step would not have been taken. To deny the defendant the right of making the first inquiry would be to render impotent and useless all subsequent efforts to make an issue of the kind mentioned. It has been held: "When the court has erroneously ruled out evidence without which the plaintiff could not possibly recover, his failure to go on and prove other essential facts will not cure the error." *Miller* v. *Speight,* 61 *Ga.* 460 (3); *Georgia Iron Co.* v. *Ocean Accident Cor.,* 133 *Ga.* 326, 331 (2) (65 S. E. 775). As picturesquely stated by Judge Bleckley in the *Miller* case, supra, "With a mortal wound in the vitals of their case, inflicted by an erroneous ruling of the court, there was nothing which they could do for it that would save it from expiring before their eyes. To support its extremities when it was doomed at the center was useless for any purpose except to render it a more impressive corpse." That principle is applicable here. The right to raise an issue by first asking the question proposed was vital to the defendant's defense. The denial of this right requires a reversal of the judgment.

■ Another ground complains that the court erred in refusing to permit the defendant's counsel, on cross-examination of the plaintiff, to show that she had been guilty of conduct like that charged against the defendant; it being alleged in this ground that the court held such matter res judicata by reason of the former judgment. For reasons stated in the preceding division of this opinion, the matter was not res judicata. The ground presents a meritorious objection. In a suit for divorce based on cruel treatment, if it be shown that both parties have been guilty of like misconduct, no divorce shall be granted. Code, § 30-109. The denial of the right to the defendant to cross-examine the plaintiff as complained of was harmful error.

■ Another ground assigns error on the refusal of the court to allow the defendant to prove by the plaintiff that after the separation of the parties, and previously to the judgment in the former divorce action, the defendant had requested the plaintiff to return and live with him as his wife; it being contended that the defendant was thereby prejudiced and deprived of a legal right. By the judgment in the former proceeding it was determined that the plaintiff was not entitled to a divorce. Nevertheless she wrongfully continued to remain apart from her husband, which conduct

might reasonably be said to have provoked the acts of the defendant of which she complains in the present suit, which was filed subsequently to the former judgment, and in which she testified to humiliation and impairment to her health and nervous system; and if her conduct did induce such acts on the part of the husband, she would not be entitled to a divorce. Her refusal to comply with a request of the husband, if made, that she rejoin him and live with him as his wife, would be material evidence for the consideration of the jury as to her credibility on the question of her alleged humiliation and impairment to health and nervous system, as detailed by her unsupported testimony. It follows that the court erred in refusing the defendant's counsel the right to attempt to elicit the admission from the plaintiff.

*Judgment reversed. All the Justices concur.*